### CROCKETT vs. CROCKETT.

1. On a bill to correct a mistake in a voluntary deed, the evidence must be clear, unequivocal and decisive as to the mistake, but it is not required that the evidence must be so strong as to leave no reasonable doubt on the minds of the jury as to whether or not it

was a mist▪▪▪ This is the rule in criminal cases before the jury are author▪▪▪ onvict.

2. Where the grantee is a volunteer, the donor, who has conveyed a tract of land to her by deed, may correct a mistake in such deed, if it be clearly shown, although the grantee may not have been cognizant of the mistake at the time of the conveyance.

3. The evidence in this case shows clearly, unequivocally and decisively the existence of the mistake. There was no evidence to the contrary; and a verdict finding against its correction was contrary to law and evidence and without evidence to support it.

November 11, 1884.

Equity. Deeds. Estates. Charge of Court. Verdict. Before Judge SIMMONS. Bibb Superior Court. April Term, 1884.

Georgia E. Crockett brought complaint against Earlsworth Crockett to recover $497.27 rents collected from certain property in which she owned an interest. The property consisted of certain lots on McIntosh street, in Macon, Georgia, and a lot on Bass street in the same city. Plaintiff claimed that she was entitled to one-fourth of the rents from the McIntosh street property and one-half of those from that on Bass street.

Defendant pleaded the general issue and an equitable plea, in substance, as follows: He is the father of plaintiff, and the deed under which she claims was a voluntary deed made by him. He gave written instructions to his attorney, Isaac Hardeman, Esq., to draw such a deed, giving to her a one-half interest in the McIntosh street lots for life, and providing that she was to receive one-fourth of the rents or income therefrom during his life-time and one-half after his death, "after paying taxes, insurance and all other expenses required to keep the property in good repair;" he to have full control while he lived; after his death, she to have full control during her life, with right of disposition as she might deem best. Similarly she was to have the right to live with him on the Bass street property, or to receive one-half of the rent of it, if rented. By accident, or mis-

take, the attorney omitted the provision. above quoted as
to expenses, etc., and the deed did not speak this true
intention of the grantor.; but without noticing the omis-
sion, defendant signed the deed. Defendant has expended
a considerable sum in improvements and repairs. He
prayed that the deed be reformed.

In relation to the evidence, it is only necessary to state
that defendant and his attorney, Mr. Hardeman, testified
to the mistake in drawing the deed; while plaintiff denied
any knowledge of it, and stated that the deed was brought
to her and she was asked if she would accept it, which she
did.

The jury found against the equitable plea, and in favor
of the plaintiff for $452.37. Defendant moved for a new
trial, because the verdict was contrary to law and evidence,
and because of the charge set out in the first division of
the decision. The motion was overruled, and he excepted.

G. T. & C. L. BARTLETT; BILLUPS & HARDEMAN; B. M.
DAVIS, for plaintiff in error.

HILL & HARRIS, for defendant.

BLANDFORD, Justice.

This was a bill filed to reform a deed upon the ground
of mistake, the deed being voluntary. The jury found for
defendant, and the plaintiff moved for a new trial, which
was overruled by the court, and plaintiff excepted.

1. The first ground in the motion for new trial is, that
the court erred in charging the jury, " That if there was
a mistake in the deed, that the jury must be clearly satis-
fied on that point. The evidence must be so strong as to
leave no reasonable doubt on the mind of the jury as to
whether it was a mistake or not."

The rule here laid down is not the one prescribed by the
Code, although it has been thus stated by this court in

several decisions. The true rule as to the weight of the evidence required to show the mistake is, that "the evidence must be clear, unequivocal and decisive as to the mistake." Code, §3117. The rule which the court laid down is that which the law prescribes in criminal cases before the jury are authorized to convict. Code, §3749. We cannot say that the rule given in charge to the jury put any greater burden on him than the true rule, as taken from the Code, would have done, and that he was hurt thereby, but it is best that the law of the case, when expressed in the Code, be given as expressed to the jury in charge.

2. The plaintiff insists that he was entitled to a new trial under the law and evidence in the case. The defendant says that the plaintiff was not entitled to have the deed reformed, because the mistake was not mutual and relies on §3124 of the Code to sustain this position. This would present a question of some difficulty, if it had not already been decided by this court. In the case of *Mitchell vs. Mitchell*, 40 *Ga.*, 11, it was held that the grantees being volunteers, where the donor made a mistake in the boundary of certain land, that the deed should be reformed, where it was clearly shown that the grantor had made a mistake, though the grantee was not cognizant of the mistake at the time of the conveyance.

One of the main points in that case relied on by the grantees was that the mistake was not mutual between donor and donee, and the donee was not present when the deed was executed, and relied on the same section of the Code which is relied on in this case. So that it will be seen that the question is identical in both cases. We think that this adjudication settles this point in favor of the plaintiff in error.

3. The testimony submitted in behalf of the plaintiff shows "clearly, unequivocally and decisively" that there was a mistake in the deed sought to be reformed. The testimony of Colonel Hardeman, the defendant and the

written instructions given by defendant to Colonel Hardeman point unmistakably to the mistake in this deed. There is no evidence to the contrary; so it must be that the verdict of the jury is contrary to law and the evidence, and without evidence to support it, and a new trial should have been granted.

Judgment reversed