## LITTLE NICK OIL CO. v. DISTRICT JUDGE OF TULSA COUNTY.

No. 28183. Feb. 15, 1938.

Hatcher & Bond; for plaintiff.

Underwood, Canterbury, Pinson & Lupardus, for defendant.

GIBSON, J. This is an original action wherein the relator, Little Nick Oil Company, is seeking prohibition against the district court of Tulsa county, Hon. Leslie B. Webb, judge, to arrest the action of said court in assuming jurisdiction of a cause filed therein and in which the realtor is named as a defendant.

The relator is a domestic corporation with its principal place of business in Grady county. It entered into a written contract with the Oklahoma Natural Gas Company, plaintiff in the aforesaid action, looking toward the development of certain lands in Grady county for oil and gas, relator agreeing therein to carry on and extend such development to a certain point within a given time in consideration of specified covenants to be kept and performed on the part of the gas company, and agreeing further, in event of its failure to perform as aforesaid, to assign to the gas company its certain oil and gas mining lease covering land in Grady county. The contract further provided that an assignment of said oil and gas lease be executed and placed in the National Bank of Tulsa with an escrow agreement authorizing the bank to deliver said assignment to the gas company in event the assignor failed to perform under the contract, or, in event of performance, to return the assignment to the assignor.

The assignment and escrow agreement were accordingly delivered to the National Bank of Tulsa. Upon refusal of the bank to assume the obligations of the escrow as then provided, the parties entered into another agreement modifying the original escrow contract with reference to the duties of the bank. The subsequent agreement, omitting signatures. reads as follows:

"June 5, 1935.

"National Bank of Tulsa,
"Tulsa, Oklahoma.

"Gentlemen:

"We are handing you herewith Escrow Agreement, to which is attached Assignment of Oil and Gas Lease from Oklahoma Gas Utilities Company to Oklahoma Natural Gas Company.

"Notwithstanding any of the provisions of said Escrow Agreement, you are authorized to deliver said Assignment to Oklahoma Natural Gas Company, unless Mr. C. M. Becker certifies to you within twelve (12) months from this date that all of the conditions upon which said Assignment is to be returned to Oklahoma Gas Utilities Company have been complied with, in which event you will return same to the order of John B. Nichlos.

"You are authorized to deliver said Assignment without the above certificate upon the joint order of the parties hereto."

Becker failed to render any statement to the bank within the time limited. The gas company claimed nonperformance and commenced action in the district court as aforesaid against the bank and the relator to compel delivery of the assignment of oil and gas mining lease.

The relator appeared specially in said action and entered its plea to the jurisdiction of the court both as to the subject matter and the person. It assigned as grounds therefor, first, that the action was one to determine an interest in land located in Grady county and could be maintained only in that county (first subdivision, sec. 109, O. S. 1931) ; and, second, if the action was transitory and not one to determine an interest in land, the defendant bank was not such an interested local party as would authorize foreign service of summons upon the relator as its codefendant (section 117, O. S. 1931). Service was had upon relator only in Grady county. It says also that the cause of action did not arise in Tulsa county and therefore did not fall within the provisions of section 112, O. S. 1931, authorizing suits against domestic corporations in the county where the cause of action or some part thereof arose.

It appears that the trial court has decided the jurisdictional questions adversely to

96

the relator and is about to proceed with the trial of the cause. If the court erred in its ruling, any further proceeding toward trial of the cause would be in excess of its jurisdiction and require issuance of the writ. State v. Superior Court of Okmulgee County, 175 Okla. 632, 54 P.2d 317. The rule in there stated as follows:

"Prohibition is an appropriate remedy to prevent an inferior judicial tribunal from assuming to exercise jurisdiction which it does not possess."

The action in district court is one to enforce delivery of an instrument deposited in escrow, is of equitable cognizance, and one ordinarily maintainable against the depositary alone without joining the grantor or obligor. 21 C. J. 892, 893. In such case, where a deed or other instrument of conveyance is delivered in escrow and the depositary refuses to deliver the same on performance of the conditions, the grantee's remedy is properly against the depositary and not against the grantor for specific performance. Bronx Inv. Co. v. National Bank of Commence, 47 Wash. 566, 92 P. 380. See, also, First Nat. Bank v. Callahan Mining Co. (Idaho) 155 P. 673.

Looking to the petition filed in district court, we find that the gas company seeks a decree for the delivery of the assignment on the ground that all conditions precedent to its right to possession thereof have been performed. It does not confine its action to an alleged violation of the escrow agreement on the part of the bank alone and sue only the bank, but, since the relator has voiced a claim to the assignment, the gas company seeks also to have said claim adjudicated in the same action.

In a situation of this character it is proper to bring all parties into court and to determine all claims to the deposit. In seeking delivery of the assignment the gas company unquestionably invoked the equity jurisdiction of the district court. In 21 C. J. 661, we find in the text the following with reference to the trial court's duties in such case:

"The power is conferred and the duty is imposed upon a court of equity, which has acquired jurisdiction, to consider and determine all the rights and claims of the parties relating to the subject matter, and to enter a decree that will finally determine them, to the end that a multiplicity of suits may be avoided and litigation may cease. The decree should be framed to this end. The final decree should dispose of all the issues, including those raised by a cross-bill, and should grant to defendant whatever relief may be necessary to render that granted to plaintiff equitable and just. Moreover, a court of equity, having acquired jurisdiction for one purpose, may retain it for all purposes necessary to do complete justice between the parties, and determine all their rights in the controversy, even though legal rights are involved which otherwise could be enforced only in a court of law."

The case of Neal v. Owings, 108 Kan. 73, 194 P. 324, is well in point here. In that case the grantor in a deed in escrow asserted his right to a redelivery of the instrument. The grantee sued the depositary and the grantors to compel a delivery of the deed. The court in effect said that a suit against the depositary alone would have been proper, but, since the grantor was attacking the validity of the escrow agreement, suit against him and the depositary was proper. The rule was there stated as follows:

"Upon the refusal of a delivery of the deed, the purchaser brought an action against the owner and his wife, who were asserting that the contract was invalid, and also against the depositary, to have adjudicated the right to a conveyance and to compel a delivery of the deed placed in the hands of the depositary. Held to be a proper remedy."

In such a case title to the deposit is the principal issue. and the effect of a decree is to control the acts of the defendants. It acts in personam and not in rem. The action is not necessarily local because it incidentally involves the title to land or an interest therein. 67 C. J. 52, sec. 65. In the case of Zane v. Vawter (Kan.) 172 P. 37, the Kansas court, when considering a statutory provision very similar to the 1st subdivision of section 109, supra, held as follows:

"The statute (Gen. St. 1915, sec. 6938) requiring actions 'for the determination in any form' of an interest in real property to be brought in the county where it is situated relates only to actions in which such result is sought by means operating directly upon the property, and does not apply to those by which the conduct of the defendant is sought to be controlled, although the title to the property may thereby be affected."

We feel that the foregoing holding of the Kansas court is a reasonable interpretation of that character of statutory provision here under consideration, and it appears to be sustained by the weight of authority. We agree with the decision.

We hold, therefore, that the district court of Tulsa county has jurisdiction of the subject matter of the action and may adjudicate all claims of ownership asserted by the

gas company and the relator in and to the assignment in question. And, in view of what we have said above, the question whether an oil and gas mining lease constitutes an estate or interest in real property becomes immaterial to a decision in this case. But see Widick v. Phillips Petroleum Co., 173 Okla. 325, 49 P.2d 132, 104 A. L. R. 228. The cause of action or some part thereof arose in Tulsa county, thus permitting of service of summons upon the relator corporation under the provisions of section 112, supra. Legal service upon it is not, in this case, dependent upon the joint liability or common interest of said relator and the bank within the meaning of section 117, supra.

Writ denied.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, CORN, and HURST, JJ., concur. WELCH and DAVISON, JJ., absent.