GREEN et al. v. VOTAW.

No. 30086. Jan. 19, 1943.

Rehearing Denied March 2, 1943.

*134 P. 2d 367.*

Pryor & Wallace, of Wewoka, for plaintiff in error.

John A. Haste and John C. Powell, both of Sulphur, for defendant in error.

PER CURIAM. This action was instituted by Ulysses Votaw, a minor, by his guardian, hereinafter referred to as plaintiff, against E. M. Harris, executor of the estate of T. F. Talley, deceased, hereinafter referred to as defendant, and others not here involved, to obtain reformation of a deed which had been executed by Cyntha Talley, deceased, and to quiet title in said plaintiff to a certain parcel of land situate in the city of Sulphur.

The plaintiff predicated his right to the relief sought upon an alleged mistake of the scrivener who had drawn the deed and which had resulted in a misdescription of the property intended to be conveyed thereby and upon an alleged unauthorized insertion of a restrictive provision in said deed after its execution and acknowledgment. The answer of defendant consisted of a general and specific denial, a plea of nondelivery of the deed, and a special plea to the jurisdiction of the court on the ground that the conveyance was a voluntary one, and therefore not subject to reformation at the instance of the grantee therein. Reply consisted of a general denial. The cause was tried as one in equity.

The evidence adduced at the trial was that of the plaintiff, the defendant failing to offer any evidence. The facts as shown by the record will be briefly stated. On August 19, 1930, T. F. Talley conveyed by warranty deed to his wife, Cyntha Talley, certain property situate in the counties of Seminole, Love, Johnston, and Murray. Among the properties so conveyed was a hotel in the city of Sulphur known as the Talley Hotel,

and which was located on the north 52½ feet of lot 1, block 234, in said city. On November 7, 1933, the Talleys, who were without children, made a joint and mutual will and at the same time executed certain warranty deeds to the grandnephews of Cyntha Talley. The deeds so executed recited that they were in consideration of one dollar and other valuable considerations (consisting of love and affection). The deed involved in this action, and which was executed in favor of the plaintiff, purported to convey to him the property known as the Talley Hotel, but in said deed said property was described as being located on the north 52½ feet of lot 1, *block 134,* in the city of Sulphur. It is admitted that this description was a pure error of the scrivener. The said Cyntha Talley could neither read nor write and signed by mark. Her husband, T. F. Talley, joined with her in the execution of each of said deeds and retained the same for the purpose of placing them of record. However, he did not file the deed here involved for record until June 12, 1937, and until after the words "consisting of love and affection" were added and a restrictive provision had been inserted therein. On July 22, 1937, Cyntha Talley departed this life, and on September 11, 1937, said T. F. Talley executed a deed to Mather Harris to the property here involved, and on the same day said grantee reconveyed said property to T. F. Talley. Thereafter, on December 28, 1937, the said T. F. Talley executed a warranty deed without restrictions of any kind to the plaintiff and his three brothers conveying to them certain farm lands in Johnston, Love, and Seminole counties. Thereafter, on December 30, 1937, said T. F. Talley was appointed guardian of plaintiff and his brothers and continued to act as such guardian until his death on October 9, 1938. In the meantime said T. F. Talley had caused the will of his deceased wife, Cyntha Talley, to be admitted to probate, to have himself appointed executor thereof, and in the probate proceeding had in connection with said estate caused the property here involved to be listed as a part of the estate of said Cyntha Talley, deceased, and to be thereafter distributed to him, the said T. F. Talley, as sole devisee under the will of said Cyntha Talley. Thereafter on June 6, 1938, said T. F. Talley executed a last will and testament wherein he undertook to devise the property here involved. After the death of the said T. F. Talley, one Boyd B. Horsman was, on October 12, 1938, appointed guardian of the plaintiff, and shortly thereafter proceeded to institute this action. The evidence adduced at the trial clearly showed that the deed in controversy when executed did not contain the restrictive provision which was therein when the same was filed for record, and further clearly showed that it was the intention of Cyntha Talley to convey the property located on lot 1, block 234, in the city of Sulphur, and that the error appearing in the description was due solely to a mistake of the scrivener. Under the evidence, substantially as above narrated, the trial court found, in effect, that the property here involved was a part of the separate estate of Cyntha Talley, deceased, and had never been impressed with a homestead character, and that the joinder of T. F. Talley with his wife in the deed on November 7, 1933, was wholly unnecessary, and that a valid delivery of said deed had been made by delivery of the same to T. F. Talley for the purpose of recording and by the subsequent recordation thereof by the said T. F. Talley during the lifetime of said Cyntha Talley, and that the restrictive covenant which had been inserted in the deed was without authority and was therefore ineffective for any purpose, and that the misdescription occurring in said deed was due solely to a mistake of the scrivener, and upon such finding granted reformation of the deed and quieted title in the plaintiff to the premises involved. Motion for new trial was overruled, and defendant has perfected this appeal.

As grounds for reversal of said judgment the defendant urges four propo-

sitions, which may be thus summarized: (1) There was no valid delivery of the deed; (2) the finding that the deed was executed and delivered by Cyntha Talley without any restrictive provision therein is contrary to the clear weight of the evidence; (3) the deed was a voluntary conveyance, and therefore one which equity will not reform, and (4) the judgment rests in part upon the evidence of incompetent witnesses who were permitted to testify over the objection of the defendant.

Under the first proposition so advanced the defendant urges, in effect, that, since T. F. Talley joined with his wife in the execution of the deed to the plaintiff, this constituted him a joint grantor in the instrument, and thereby precluded any effective delivery of the deed, and that there is no basis for the finding that the property did not constitute a homestead but consisted of separate property of the said Cyntha Talley. We find it unnecessary to discuss the effect of a joinder by her husband in a deed of a wife to her separate property, since in the case at bar it clearly appears T. F. Talley recognized that the property here involved was that of his deceased wife by the steps which he took in connection with her estate, listing the same as a part of her estate and raising no claim of homestead.

It is fundamental that had the property been impressed with a homestead character it could not have constituted a part of the estate of said Cynthia Talley, and for the further reason that it is admitted that said T. F. Talley did file the deed here involved for record during the life of his wife, and thus raised a presumption of a valid delivery of the deed. See Security State Bank of Comanche v. Lockett, 185 Okla. 320, 93 P. 2d 756; 18 C. J. 207, §§ 110 and 111. In view of the circumstances surrounding the transaction and in the absence of any evidence to the contrary, we are of the opinion that the finding of a valid delivery was justified irrespective of whether in the recording of said deed the said T. F. Talley was acting as a joint grantor or merely as an agent of Cyntha Talley. The grantee was a minor relative of Cyntha Talley and the deed appears to have been made for the purpose of effecting a voluntary settlement for his benefit, and therefore constituted one in which a stronger presumption in favor of delivery arises than would ordinarily obtain in a case of bargain and sale. Snodgrass v. Snodgrass, 107 Okla. 140, 231 P. 237.

Under the next proposition the defendant contends that the evidence is insufficient to support the finding that the deed here involved was executed and delivered by Cyntha Talley without the restrictive covenant which was therein when the same was filed for record. We consider this contention to be wholly without merit since a photostatic copy of the deed shows clearly that the provision in question was inserted therein with a different typewriter than that used to complete the rest of the instrument; in addition thereto we find that the witnesses to the instrument testified that the deed did not contain this provision when the same was executed and acknowledged, and this is further corroborated by the testimony of the scrivener who prepared the deed. This testimony the defendant objected to on the ground of incompetency but which we hold was without merit since the transaction is not shown to have been one of confidential nature but rather one which transpired in the presence of other persons.

Even if the restrictive clause had been inserted with the knowledge and consent of Cyntha Talley, still the apparent position of the defendant in regard thereto is untenable. As above disclosed, the conveyance was a general warranty deed. After the execution thereof the restrictive clause was added therein just after the description. Such clause is as follows: "This deed is a gratuitous grant conditioned; (1) That same shall not take effect until after the death of grantors herein, and grantors shall have absolute control over said land, receiving the rents and profits

therefrom, and shall have power, during their lifetime, to make good and valid conveyances by deed or otherwise. Such conveyance, if made, shall become operative on the interest conveyed, and should grantors convey by deed, then this deed shall become null and void. (2) If this estate vests in the grantee, by the deaths of grantors, the said grantee is prohibited from making any manner of conveyance until said grantee reaches the age of 21 years, notwithstanding covenants to the contrary herein." This clause contains no words of conveyance to the husband, T. F. Talley, neither does it include a reservation of power to convey the property running to the husband in the event Cyntha Talley predeceased him. After her death the surviving husband, at most, had only a life estate in the property. This being true, the conveyance executed by him, after her death, to Mather Harris and the deed from Harris to him were both ineffectual and did not operate to render the deed to the plaintiff null and void. See Ann. at 129 A. L. R. 310; also 52 A. L. R. 536. Upon the death of Cyntha Talley, the deed involved herein became absolute and her estate had no interest in the property. The inclusion of this property as a part of her estate and the distribution thereof to T. F. Talley as her sole devisee was therefore a nullity. Since he had no interest in the property, T. F. Talley's attempt to devise by will was of course nugatory. It is therefore obvious that his estate has no interest in the property.

The third proposition advanced by the defendant presents the vital and decisive issue submitted for determination. Thereunder the defendant invokes the well-settled rule that equity will not reform a voluntary conveyance which is without consideration at the suit of a grantee against the grantor. While the case at bar is not such a suit, but is rather one maintained by a grantee against an executor of one claiming to be a devisee of the grantor, nevertheless there are cases holding that the general rule is likewise applicable to a situation such as the one here presented. This court has not heretofore had occasion to pass upon the question now submitted, and we therefore are called upon to determine the line of authorities which we will follow, since there is a division as reflected in the decisions of other jurisdictions. Some of said jurisdictions hold that a voluntary deed cannot be reformed at the demand of the grantee over the objection of the grantor, and that this right extends to his heirs at law. (See cases cited in note under view denying reformation, 69 A. L. R. at p. 427.)

In other jurisdictions it is held that the principle precluding reformation in a suit against a grantor does not apply in favor of grantor's heirs. See Laundreville v. Mero, 86 Mont. 43, 281 P. 749, 69 A. L. R. 416, and cases cited under the A. L. R. citation at pages 427 and 428. In Laundreville v. Mero, supra, there is an excellent discussion of the reason why the rule should not be applicable to others than the grantor, and we refer thereto rather than unduly extend this opinion with a quotation thereof. It suffices to say that we are in accord with the principles therein announced and adopt the same as the rule in this jurisdiction.

The defendant discusses briefly the lack of any mutual mistake, and that therefore reformation for this reason should not have been granted. It is true that the sole mistake shown was that of the scrivener, but nevertheless we are of the opinion that such mistake was one which the court had jurisdiction to correct by reformation so as to have the deed express the intention of the grantor. See Laundreville v. Mero, supra, and Crockett v. Crockett, 73 Ga. 647.

The final proposition advanced by the defendant involves the admission of testimony of witnesses alleged to be incompetent, one of said witnesses being the scrivener who was employed to prepare the deed here involved and the other being an attorney who represented T. F. Talley in the probate of

the estate of Cyntha Talley, deceased. As we have heretofore pointed out, the testimony of the scrivener was properly received, since it was not shown that he was acting in the capacity of attorney or in a confidential relation in the preparation of such deed but merely as scrivener and that the transaction was one wherein no confidential relation was involved but rather one which was made in the presence of other persons; and while the testimony of the attorney who represented T. F. Talley in the Cyntha Talley estate may have been improperly admitted, this was stricken on motion of the defendant, and under the circumstances here involved would constitute nothing more than harmless error, since it does not appear that the court relied upon such testimony in rendering the judgment under review. See Woodruff v. Brady, 181 Okla. 105, 72 P. 2d 709; Security Nat. Bank v. Martin, 113 Okla. 295, 241 P. 812.

This being an action of purely equitable cognizance, we have examined the entire record and weighed the evidence and find the judgment is not against the clear weight of the evidence, but, on the contrary, that the same is supported clearly by the weight of competent evidence shown in the record. Such being the case, the judgment of the trial court will be, and is, affirmed.

RILEY, OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. CORN, C. J., GIBSON, V. C. J., and WELCH, J., absent. DAVISON, J., dissents.

DAVISON, J. (dissenting). I dissent to the majority opinion for the reason that the deed in the present case was shown to have been executed by Cyntha Talley in favor of plaintiff without consideration.

The great weight of authority supports the view that the grantee is not entitled to a reformation of a voluntary conveyance made without any consideration, as against the heirs of the grantor, after the latter's death. See 69 A. L. R. 427, and cases cited thereunder. I am of the opinion that the majority rule is the proper rule to be applied under the existing facts in the case at bar.