RUSSELL v. FREEMAN et al.

No. 33546. Nov. 22, 1949.

Rehearing Denied Jan. 31, 1950.

Second Petition for Rehearing Denied Feb. 14, 1950.

*214 P. 2d 443.*

Charles D. Crandall and S. J. Montgomery, both of Oklahoma City, for plaintiff in error.

Joe W. Curtis and S. H. King, both of Pauls Valley, for Harold Freeman, Executor of the Estate of Robert L. Freeman, deceased.

Frank Settle, Eugene O. Monnet, and Jack N. Hays, all of Tulsa, for White Eagle Oil Company and Ohio Oil Company.

Ray S. Fellows, of Tulsa, for Stanolind Pipe Line Company and Standard Oil Company (Indiana).

E. Dan Gibson, of Tishomingo, for Rosebud Bryce.

GIBSON, J. Plaintiff in error, William Russell, Jr., instituted this action against defendants in error, R. L. Freeman, and others, to quiet title to real estate and incidental relief. In his petition plaintiff deraigns title to the premises by patent from the Choctaw and Chickasaw Nations bearing date of November 23, 1905. It is alleged in the petition that plaintiff is and has been in possession of the premises since the date of patent; that defendants claim right, title and interest therein, adverse to plaintiff, the exact nature of which is unknown but that same is subordinate to plaintiff's title and constitutes a cloud thereon. It is further alleged that defendants have severed from the premises oil and gas of the value of $100,000, and have refused to account therefor. The prayer of the petition is that the claims of the defendants be adjudged clouds upon plaintiff's title and removed as such; that defendants be perpetually enjoined from asserting claims against plaintiff's title ; and that an accounting be had.

In their several answers defendants deny the allegations of the petition, except as admitted. Taken together, the several and distinct claims of the defendants comprise the entire estate sued for. Each alleges ownership to the extent of the claim made and possession thereunder, and several of the defendants ask that their title be quieted against the claims of the plaintiff. Upon trial the court awarded defendants judgment in accordance with their re-

422

spective claims and quieted their title thereto against the claims of plaintiff.

The cause was tried without the intervention of a jury over objection of plaintiff, and the action of the court in so doing is the only error assigned.

In support of the assignment reliance is placed upon Tit. 12 O.S. 1941 §556, which provides that "Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, . . ." and cases construing that statute.

Neither the statute nor the authorities construing it have any application to the instant case. In Green v. Correll, 133 Okla. 94, 271 P. 241, we said:

"Where the plaintiff is in possession of the land and the purpose of the action is to remove a cloud from the title and primarily to administer equitable relief, such an action is not one for relief as in ejectment at common law and is not one for the recovery of specific property as is defined in section 532, C. O. S. 1921, and not being such, the defendants were not entitled to a jury trial."

In Moschos v. Bayless et al., 126 Okla. 25, 258 P. 263, we said:

"Where in an action the paramount issue as formed by the pleadings is one of equitable cognizance and there exist certain issues of fact arising out of a demand for the recovery of money which are incidental to and dependent upon the equitable issue, said action is an equitable action."

Any right to damages herein is dependent upon the establishment of plaintiff's title which is sought as an equitable remedy. The allegations of the petition are sufficient to invoke relief in equity independently of the statutory action to quiet title. Ashur v. McCreery, 150 Okla. 111, 300 P. 767. But even though considered as prosecuted under the statute (12 O.S. 1941 §1141) the action would be governed by the rules that obtain in equity. Wilson v. Bombeck et al., 38 Okla. 498, 134 P. 382.

Judgment affirmed.

WELCH, CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.