FREY et al. v. GLENN.

No. 34637. Feb. 12, 1952.

*240 P. 2d 1061.*

E. L. Mitchell, Arapaho, for plaintiffs in error.

J. T. Bailey, Cordell, for defendant in error.

PER CURIAM. The parties herein will be referred to as they appeared in the court below. Plaintiff and his wife, Georgia Glenn, were residents of the State of Kansas. In the early part of 1942, Mrs. Glenn, who was in failing health, arranged through her husband and a Mr. Frank W. Reed of Independence, Kansas, to make disposition of her real estate located in Kansas, Oklahoma, and Texas. Mr. Reed contacted an attorney in Independence, Kansas, for the purpose of having deeds drafted

to carry out the desired plan. Mrs. Glenn executed and acknowledged the deeds at her home on February 17, 1942. She died on March 2, 1942. We are concerned only with the execution of the two deeds relating to the land in Washita county. One of the instruments was a warranty deed executed by both Mrs. Glenn and the plaintiff in favor of the defendant, Edward Frey, who was the tenant upon the land in question and who together with his wife, Minnie Frey, were old friends of Mrs. Glenn. Said warranty deed purported to convey the fee-simple title to said land without any reservation or exception as to the mineral interest. The other instrument described as a royalty deed was executed by both Mrs. Glenn and the plaintiff in favor of the plaintiff and purported to convey all of the oil, gas and other minerals under said land. Mrs. Glenn then mailed the warranty deed to Mr. Frey on February 18, 1942, together with a letter of transmittal suggesting that he record the deed as soon as possible. The warranty deed was recorded on February 19, 1942, and the royalty deed was recorded on February 25, 1942. The land at the time was under an oil and gas lease but no wells had been drilled prior to the trial hereof. Delay rentals for the years 1942 to 1946, inclusive, were thereafter paid by the lessee to the plaintiff. On August 6, 1946, the defendants executed an oil and gas lease to the Shell Oil Company and received as bonuses and rents the sum of $948.42. Plaintiff filed suit seeking to recover possession of the mineral rights and also to recover judgment for the $948.42. Shell Oil Company was not made a party to the action, plaintiff contending that it was an innocent purchaser for value and therefore, the validity of the lease is not in question. Thereafter plaintiff filed an amended petition seeking substantially the same relief prayed for in his original petition. Demurrer to the amended petition was overruled and the issues joined. When the case came on for trial before a jury, defendants' motion for judgment upon the pleadings was sustained and judgment was entered for the defendants on March 15, 1949. On April 4, 1949, plaintiff moved to vacate the judgment and attached to his motion a proposed second amended petition in which amended petition plaintiff sought to impress the mineral interest with a resulting trust for his benefit and to quiet title thereto, and in his second cause of action to recover the sum of $948.42 hereinbefore mentioned. The trial court vacated the judgment and granted plaintiff permission to file his second amended petition. Defendants' demurrer was filed and overruled and the issues joined on said petition. Defendants' request for a jury trial was refused and upon hearing the evidence the trial court rendered judgment quieting title in the plaintiff as to the mineral interest and awarding judgment in the amount of $948.42. At the time of trial, plaintiff was unable to produce the original royalty or mineral deed, explaining that after recording it he had lost it. The contents of the royalty deed were proved from the county clerk's records.

Plaintiff contends that his wife intended to convey the surface rights to the defendant, Edward Frey, and the oil, gas and other mineral rights to the plaintiff, but that the scrivener who prepared the deeds by inadvertence and mistake failed to except the mineral rights ln the deed to Frey. Defendants contend that Mrs. Glenn intended to convey the complete fee-simple title to Edward Frey.

Defendants urge the court committed error in vacating the judgment on the pleadings and permitting plaintiff to file his second amended petition. Defendants claim that this permitted plaintiff to change the original cause of action from an action at law to an action in equity thereby improperly depriving defendants of a jury trial. In answer to this plaintiff contends that his original action was based upon a misconception of his remedy, since he brought his action in the nature of ejectment to recover possession of the

mineral interest, whereas, it should have been maintained in equity to establish a trust for his benefit and to quiet title. In view of the fact that plaintiff's first amended petition did not contain the allegations necessary to obtain equitable relief, the trial court sustained defendants' motion for judgment on the pleadings and entered judgment against the plaintiff. We are committed to the rule, expressed in numerous decisions of this court, that the trial court is vested with inherent jurisdiction to vacate its orders and judgments within the term in which they are made and this court will not disturb such action where it appears that the trial court has exercised its sound discretion. Selected Investments Corporation v. Bell, 201 Okla. 408, 206 P. 2d 989.

We believe that in view of the fact that the judgment on the pleadings was entered primarily for the reason that plaintiff had misconceived the nature of his remedy, the trial court acted in the interest of justice and with sound judicial discretion in vacating its judgment, thus making possible an adjudication of the issues on their merits.

Likewise, it is our view that the court had the power under 12 O. S. 1951 §317 to permit the plaintiff to file his second amended petition. It has been held in numerous cases that the trial court may in its judicial discretion permit pleadings to be amended before or after judgment and in the absence of abuse, this court will not disturb rulings of the trial court in refusing or permitting such amendments. Townsend v. Townsend, 174 Okla. 185, 50 P. 2d 147.

We think there is no question about the fact that plaintiff originally misconceived his remedy. He was seeking to establish his title to the mineral interest by an action in ejectment. This court has held in numerous decisions that under facts similar to those present here, plaintiff's action to establish his ownership of the mineral interest is one of equitable cognizance, and we believe this is true even though the defendants herein had executed an oil and gas lease on the land. Kolachny v. Galbreath, 26 Okla. 772, 110 P. 902; Burns v. Bastien, 174 Okla. 40, 50 P. 2d 377; Hester v. Watts, 203 Okla. 97, 218 P. 2d 641; Deruy v. Noah, 199 Okla. 230, 185 P. 2d 189; Wilson v. Cox, 100 Okla. 300, 229 P. 267; American Investment Co. v. Davenport, 151 Okla. 184, 3 P. 2d 434.

Therefore, having concluded that plaintiff's action was primarily for equitable relief, it follows that defendants were not entitled to a jury trial as a matter of right. Russell v. Freeman, 202 Okla. 421, 214 P. 2d 443; Smith v. Stock Yards Loan Co., 186 Okla. 152, 96 P. 2d 55; Warner v. Coleman, 107 Okla. 292, 231 P. 1053.

The mere fact that plaintiff also sought to recover a money judgment against the defendants did not change the action to one at law for the reason that where the paramount issue is one of equitable cognizance the action is still an equitable one as respects the right to a trial by jury, although certain issues of fact may arise out of a demand for a recovery of money which are incidental to and dependent upon the equitable issue. (See Russell v. Freeman, supra.)

Defendants claim that the judgment is contrary to law and is not sustained by the evidence. However, an examination of the evidence supports the conclusion that both the mineral deed and warranty deed were executed, acknowledged and delivered at the same time. There is also testimony of disinterested persons to the effect that the defendant, Edward Frey, had, on various occasions, acknowledged the plaintiff's ownership of the mineral interest, although it is true this was denied by the defendant, Edward Frey. It is also admitted by all parties that Mr. Glenn received the delay rentals accruing from the oil and gas lease on the land for the years 1942 to 1946, inclusive, without any objection on the part of the defendants, although de-

fendant, Edward Frey, at the time of trial offered the explanation that he was laboring under the misapprehension that the plaintiff was entitled to receive said rentals because he had executed the lease. The record discloses that defendants were the only witnesses who testified in their behalf. Defendants do not offer any testimony which would have the effect of impeaching the mineral deed. Apparently, the only testimony offered by the defendants, with respect to Mrs. Glenn's intention to convey the property in question to defendant, Frey, was the testimony of Mrs. Frey to the effect that she was present when the deeds were executed, and that later in the day, the plaintiff told her that the farm was conveyed to the defendant, Edward Frey, but said nothing about the conveyance of the mineral interest to himself. This testimony is not necessarily inconsistent with an intention on Mrs. Glenn's part to deed the surface rights to Mr. Frey and the mineral rights to the plaintiff. This court is primarily concerned with determining the intention of the grantor of the two deeds and in order to do this both deeds must be considered together. In the light of the circumstances attending this case, we believe the trial court was correct in holding that Mrs. Glenn intended to convey only the surface rights to the defendant, Edward Frey, and the mineral rights to the plaintiff, and that the failure to except or reserve the mineral interest in the warranty deed was due to the inadvertence or mistake of the scrivener, as a result of which the warranty deed should be reformed accordingly. Green v. Votaw, 192 Okla. 136, 134 P. 2d 367.

This court will examine and weigh the evidence in cases of equitable cognizance but the trial court's findings and judgment will not be disturbed unless clearly against the weight of evidence. Payne v. Wade, 190 Okla. 222, 122 P. 2d 144.

Defendants further insist that plaintiff is estopped to deny the ownership of the defendant, Edward Frey, in the mineral interest because of the fact that he joined in the execution of the warranty deed to said defendant. However, the rule of estoppel can never be applied beyond the exact terms of the admission, 31 C.J.S. 225. Inasmuch as we must find in this case that the warranty deed was not intended to convey the mineral interest to the defendant, Frey, the rule of estoppel cannot, in any event, apply beyond the limits of what the grantor actually admitted. To hold otherwise would have the effect of nullifying the rule of equitable reformation.

Defendants also urge that the royalty deed was a nullity for the reason that after granting all of the mineral interests to the plaintiff it provided that said grant was, "with the right and privilege to the grantors to go upon said lands and explore, operate, drill and mine for oil and gas and other minerals and to sell the products thereof and divide the same, or the proceeds thereof, as their respective interests appear and as provided herein." In support of this contention defendants claim that the recital operated to destroy the grant, as a result of which the deed was nothing more than a mere nullity. As was heretofore pointed out, it is our opinion that the evidence sustains plaintiff's contention to the effect that Mrs. Glenn executed both the warranty deed and royalty deed at the same time and as parts of the same transaction, intending to convey the surface rights to the defendant, Edward Frey, and the mineral rights to the plaintiff. It may be assumed from the record in this case that the above recital was erroneously included in the royalty deed instead of in the warranty deed. The very fact that such a recital was incorporated in the royalty deed, which on its face purported to convey all of the mineral interest to the plaintiff, strongly supports the theory that the recital was inadvertently incorporated in the wrong deed, it having been the intention of the parties to incorporate it in the war-

ranty deed rather than the royalty deed. In view of the fact that a number of deeds were drawn up at the same time, the opportunity for the making of such a mistake existed and such an explanation is entirely consistent with plaintiff's position in this case. In addition to the foregoing, it might also be urged with equal merit that the scrivener mistakenly used the word "grantors" instead of "grantee." We cannot assume, as defendants' contention would compel, that the royalty deed was a useless and ineffectual act. Under such circumstances, we do not believe that the validity of the royalty deed was impaired or affected by the inclusion of a recital resulting from what was obviously inadvertent or mistaken draftmanship.

Defendants also claim that plaintiff was not entitled to recover judgment for the $948.42 for the reason that he failed to allege the payment of the intangible tax required by 68 O.S. 1951 §1515, and the evidence failed to establish proof that such a tax had been paid. However, it is our view that this is not a liquidated claim within the meaning of the intangible tax statute. Plaintiff's right to recover was entirely dependent upon establishing title in himself as to the mineral interest. In such cases, the aforementioned section is not applicable. (See Cole v. Harvey, 200 Okla. 564, 198 P. 2d 199; Watts v. Elmore, 198 Okla. 141, 176 P. 2d 220.

Judgment affirmed.

This Court acknowledges the services of Attorneys Carl H. Livingston, Clarence A. Warren and Edwin S. Hurst, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur. WELCH, J. concurs in result.