G. W. BREWER and Laura Brewer, Plaintiffs in Error,

v.

C. E. BAKER, Defendant in Error.

No. 36573.

Supreme Court of Oklahoma.

April 26, 1955.

Meacham, Meacham, Meacham & Meacham, Clinton, for plaintiffs in error.

Wise & Ivester, Sayre, Arney & Barker, Clinton, for defendant in error.

HALLEY, Justice.

On August 3, 1951, G. W. Brewer and wife entered into a written contract to sell to C. E. Baker a tract of land in Roger Mills County, Oklahoma, reserving all minerals. The consideration was $2,500, payable $200 on execution of contract, and $2,300 January 1, 1952, when possession was to pass to C. E. Baker, who filed this action against G. W. Brewer and wife on January 14, 1952. C. E. Baker will be referred to as plaintiff and the Brewers and the Bank as the defendants as they appeared in the trial court.

Plaintiff alleged the execution of the sale contract, the payment of $200 down payment, and that on January 1, 1952, he was able, willing and ready to pay defendants the balance of the purchase price of $2,300 upon the delivery of possession to him on that date as provided by the contract.

He alleged that defendants refused to give him possession, and also placed of record a lease contract from defendants to their son, Base Brewer, commencing January 1, 1950, and for a term of six years, and gave possession of the land to Base Brewer, who refused to surrender possession, thus depriving the plaintiff of the

use of the land to his damage in the sum of $450 per year, or a total of $1,350.

Plaintiff further alleged that at the time the contract of sale was executed the defendants executed a warranty deed conveying the land to him, and that such deed was placed in escrow with the Security State Bank of Cheyenne, Oklahoma, to be delivered to plaintiff upon payment by plaintiff of the balance of the purchase price on January 1, 1952.

Plaintiff prayed for judgment against defendants and the Bank decreeing that the Brewers were indebted to plaintiff in the sum of $1,350 for the use of the land while he was deprived of possession, and judgment against the Bank "ordering and directing the said Bank as such Escrow to deliver over to this plaintiff the said Warranty Deed, upon his paying into said Bank the sum of $950", being the balance of $2,300 due, less $1,350 offset for being wrongfully deprived of possession of the land.

Defendants filed an answer, amended answer and second amended answer consisting of a general denial but admitting the execution of the sale contract. They alleged that possession was to pass at the expiration of the Base Brewer lease; that defendants are elderly people who cannot see to read and that either through a mutual mistake the date of the possession was erroneously stated, or fraud was practiced upon defendants by the plaintiff as to the date when possession was to be given; that plaintiff had failed to pay or tender the purchase price on January 1, 1952; that G. W. Brewer was incompetent and Mrs. Brewer's signature was obtained by fraud, in that she was made to believe that she was signing a lease contract; that she was unable to see and that both defendants had great confidence in the plaintiff; that there was a defect in the parties defendants; that plaintiff had actual and constructive notice of the Base Brewer lease; and, that he was in possession, and also alleged that plaintiff was estopped.

Defendants tendered the $200 already paid and prayed that plaintiff take nothing. In their original answer, defendants prayed

that the contract of sale be cancelled and also in their amended answer prayed that the contract of sale be declared null and void and that it be cancelled.

The court denied defendants demand for a jury trial. After a number of witnesses testified the court rendered judgment for the plaintiff and found that Base Brewer was in possession of the land under a lease expiring December 31, 1955, and that plaintiff had been and will be deprived of possession of the land for the years 1952, 1953, 1954, and 1955; that the fair value of the use of the land to plaintiff was $1,000, for which defendants were liable to plaintiff; that defendants paid taxes in the sum of $74.71 for 1952 and 1953 and ordered that upon payment by the plaintiff to escrow holder of $2,300, plus $74.71, and less $1,000, the plaintiff is entitled to have deed delivered to him by the Bank and entitled to have contract and deed specifically performed.

The defendants have appealed and allege error under the following propositions:

1. The trial court erred in refusing to grant defendants a jury trial.

2. Even if the case is of equitable cognizance the trial court erred in refusing to give defendants credit for interest on the unpaid portion of alleged purchase price.

In support of their first proposition, defendants quote Section 556, 12 O.S.1951, as follows:

"* * * Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury * * *."

We agree that the rule last stated is the law and it becomes necessary to determine the nature of the issues framed by the pleadings before us.

Plaintiff's petition prays for judgment decreeing that G. W. Brewer and wife are indebted to plaintiff for the use and enjoyment of the land involved during the time they withheld possession from the plaintiff and also prayed for a judgment against Security State Bank of Cheyenne as escrow

holder of the deed to plaintiff requiring the Bank to deliver the deed to plaintiff upon payment by plaintiff of the balance due upon the purchase price, less the offset claimed for the value of the use of the land during the time possession was and would be withheld from the plaintiff by reason of the Base Brewer lease.

Defendants answered that a mistake had been made, or fraud practiced as to the date when possession should be given and prayed that the contract between the parties be cancelled and that they have "all other proper and equitable relief."

It is well established that in an action for a money judgment the defendant is entitled to a jury trial under Section 556, 12 O.S.1951, and that it may be argued with reason that since plaintiff prayed for a reduction in the balance due defendants on the purchase price it is equivalent to an action for a recovery of money, although it appears to be merely incidental to the principal issue involved, to wit: the specific performance or cancellation of the written contract between the parties.

The prayer of defendants' amended answer is similar to that in their original answer, and in their second amended answer they simply prayed that plaintiff take nothing, which we think is equivalent to their prayers in their original answer and amended answer, because the judgment sought that plaintiff take nothing would have the effect of rescinding or cancelling the written contract between the parties.

While defendants do not use the term "cross-action" in their answer, the allegations therein are in effect a cross-action because affirmative relief is prayed for. The plaintiff has cited Howard v. Stanolind Oil & Gas Co., 197 Okl. 269, 169 P.2d 737, 738, where this Court said in the second paragraph of the syllabus:

"Where, in a civil action, the paramount issue, as formed by the pleadings, is one of equitable cognizance involving the cancellation or avoidance of a deed, there is no right to a jury trial even though the right to possession of the property may become incidentally involved."

And in Russell v. Freeman, 202 Okl. 421, 214 P.2d 443, this Court said in the second paragraph of the syllabus:

"Where in an action the paramount issue as formed by the pleadings is one of equitable cognizance and there exist certain issues of fact arising out of a demand for the recovery of money which are incidental to and dependent upon the equitable issue, said action is an equitable action."

In Frey v. Glenn, 206 Okl. 28, 240 P.2d 1061, 1064, in the body of the opinion this Court said:

"The mere fact that plaintiff also sought to recover a money judgment against the defendants did not change the action to one at law for the reason that where the paramount issue is one of equitable cognizance the action is still an equitable one as respects the right to a trial by jury, although certain issues of fact may arise out of a demand for a recovery of money which are incidental to and dependent upon the equitable issue. See Russell v. Freeman, supra."

In Reynolds v. Conner, 190 Okl. 323, 123 P.2d 664, 666, it was sought to enforce specific performance of an alleged contract whereby a deceased person agreed to leave certain lands to plaintiff in consideration of personal services, or, in the alternative, to recover on creditors claim for such services, the Court said:

"We agree that the action is one of purely equitable cognizance. The principal cause is to enforce specific performance of a contract to convey real property and not for the recovery of money or specific real property. A judgment in the alternative to establish a creditor's claim is sought only in event the cause for specific performance should fail. * * *"

In Little Nick Oil Co. v. District Judge of Tulsa County, Okl., 182 Okl. 94, 76 P.2d 379, 381, this Court said:

"The action in district court is one to enforce delivery of an instrument deposited in escrow, is of equitable cognizance, and one ordinarily maintain-

able against the depositary alone without joining the grantor or obligor. 21 C.J. 892, 893. In such case where a deed or other instrument of conveyance is delivered in escrow and the depositary refuses to deliver the same on performance of the conditions, the grantee's remedy is properly against the depositary and not against the grantor for specific performance. * * * "

In Lee v. Terrell, 170 Okl. 310, 40 P.2d 10, the rule was announced in the sixth paragraph of the syllabus to the same effect. And also in Evans v. Local Building & Loan Association, 169 Okl. 274, 36 P.2d 895.

In Harris v. Davis, 170 Okl. 35, 38 P.2d 562, it is said in the third paragraph of the syllabus:

"An action to cancel a deed is an equitable proceeding and no party thereto is entitled to a jury trial, though the action also involve the possession of the land and damages for the wrongful withholding of the possession thereof."

The defendants here sought equitable relief not only as a defense but also prayed for affirmative equitable relief in praying for a rescission of the contract between the parties. We can see no difference between an action to rescind or cancel a deed and that to cancel a contract providing for the deed and upon which the deed depends. We conclude that the issues here as made by the pleadings are equitable in nature and that the court did not err in denying a jury trial.

The defendants contend that even if this is a case of equitable cognizance, the court erred in refusing to give defendants credit for interest on the unpaid portion of the purchase price. The court did reimburse plaintiff for his failure to recover possession on January 1, 1952, as the contract provided, by allowing him an offset equal to the value of the use of the land while possession was withheld, and defendants say that they should have been allowed interest on the balance of the purchase price for the same period of time.

We cannot agree with this contention. Plaintiff was denied possession on account of a lease to Base Brewer of which he had no notice when he entered into the contract. This lessee refused to give possession, as expressly provided in the contract. The defendants received the rental from this lease. After the plaintiff tendered the balance of the purchase price, the defendants could have accepted it at any time upon surrendering possession as provided in the contract. The plaintiff was compelled to keep this balance available at all times and could not profit from its use and gained no income therefrom during the period of time involved, and it would not be equitable to require him to allow the defendants interest thereon when it was proven to have been their fault that they did not receive it on January 1, 1952, as provided by the contract.

In Loth-Hoffman Clothing Co. v. Schwartz, 74 Okl. 18, 176 P. 916, this Court said in the second paragraph of the syllabus:

"A valid, legal tender of money by a debtor which is refused by a creditor does not operate as a satisfaction of the debt, and is no bar to an action on the debt; the effect of such tender, when the tender is maintained, being to discharge the debtor from liability for interest subsequent to the tender and costs afterwards incurred."

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.