**Dayne LEDFORD and Evelou Ledford, Appellants,**

v.

**Charles WHEELER, Jr., Appellee.**

**No. 52747.**

Court of Appeals of Oklahoma, Division No. 1.

Dec. 26, 1979.

As Corrected on Denial of Rehearing Feb. 26, 1980.

Certiorari Denied April 14, 1980.

Released for Publication by Order of Court of Appeals April 17, 1980.

---

Fellers, Snider, Blankenship, Bailey & Tippens by Terry W. Tippens, Margaret McMorrow–Love, Oklahoma City, for appellants.

John E. Wheatley, Yukon, for appellee.

ROMANG, Presiding Judge:

The Appellants (Sellers) appeal from a judgment of the District Court, sitting without a jury, compelling Sellers to specifically perform a contract to sell certain real property to Appellee (Buyer). The Court also ordered the Buyer to pay damages to Sellers for trespass–a matter not presented for appellate review.

Stripped to essentials, it is undisputed that Sellers put up for sale by public auction certain real property at which Buyer was the high bidder. Apparently due to some confusion about a boundary dispute between Sellers and a third person, over land not involved in the instant transaction, the following clause was inserted into the written agreement between Sellers and Buyer (the fact of this clause had been announced and discussed before the bidding began):

> It is further agreed between the parties hereto that if after abstracts to the said lands in question have been examined by the . . . [Buyer] or his Attorneys and he has made the decision not to proceed with the consummation of the purchase of the properties, he shall give written notice of his decision of [sic] Omer Luellen, Escrow Agent, within twenty–one (21) days from the date of this Contract and the escrow funds will be returned to the . . . [Buyer] and this Contract and Agreement will become null and void and all parties will be released from the terms thereof.

Within the 21 days the Sellers notified the Buyer that they did not intend to consummate the sale and revoked the "offer" contained in the written agreement. Upon receipt of this attempted revocation, and within the 21 days, the Buyer notified the Sellers that he intended to buy. The Buyer further went on the premises without permission and worked the land, planted cotton, and harvested wheat.

The Sellers brought this action to rescind the contract and for damages for trespass. The Sellers also asked that the legal and equitable issues be bifurcated and they be accorded a jury trial on the legal issues.

## A. THE JURY TRIAL

█ It is clear in Oklahoma that where legal and equitable issues are joined they may be separated for trial "in the furtherance of a just and prompt determination of the controversy and to avoid delay or prejudice." 12 O.S.1971, § 323. This is a matter for the sound, judicial discretion of the trial court. In *Russell v. Freeman*, 202 Okl. 421, 214 P.2d 443 (1955) the Supreme Court made clear that joined legal and equitable issues should be treated as equitable for trial purposes where the equitable issue is paramount and where the legal issues are incidental to or dependent upon the equitable issues. In this case the trespass claim, at the time of the pleadings when the issue must be decided, *Brewer v. Baker*, Okl., 283 P.2d 203 (1955), was predicated on the invalidity of the contract. While it is true, as decided by the Court, that some damages may have accrued before ownership or right to possession passed under the alleged contract, we cannot decide the jury trial issue on the facts found after trial. As formulated in the pleadings the paramount issue was the claimed rescission.[1]

## B. CONTRACT OR REVOCABLE OPTION?

The parties have clearly briefed their positions. It comes down to a different view of the meaning of the written agreement. The Sellers contend the contract grants Buyer an unconditional option to unilaterally decide whether to go through with the agreement. So interpreted it is clear that since the Buyer was not bound to any detriment that the agreement was no more than a written offer to sell the property. As such it was revocable at any time prior to acceptance. Since revocation occurred before acceptance there would be no contract.

Buyer counters that the agreement gave Buyer 21 days only to determine if the title was satisfactory to him. As such he was bound to perform unless, in good faith, he determined the title was not satisfactory. Since he had restricted his legal freedom he

had suffered a sufficient legal detriment to constitute consideration for Sellers' promise to sell.

The District Court admitted parol evidence on the meaning of this clause and related language in the written agreement. Although Sellers raise a question about the admissibility of this parol evidence in their reply brief, it is not urged as error in their Petition in Error or apparently before the reply brief was filed. It is not before this Court. See Rules of the Supreme Court, Rule 15. In any event, it would appear that the ambiguity of the written language would have warranted the admission of parol evidence or it would have been admissible, not to vary or contradict, but to show no contract was made.

█ In reviewing the judgment of a trial judge in a matter of equitable cognizance the appellate court may exercise an independent judgment on the record, giving due deference to the trial judge's superior opportunity to observe the witnesses, but will affirm the judgment below unless it is against the clear weight of the evidence. *Public Service Co. of Okla. v. Home Builders Ass'n of Realtors, Inc.*, Okl., 554 P.2d 1181 (1976); *Brown v. Lambdin*, Okl., 531 P.2d 1386 (1974); and *Boughan v. Herington*, Okl., 472 P.2d 434 (1970).

The quoted clause is frequently referred to by implication in the rest of the document as a purely discretionary decision, e. g. "... [the Buyer] will not have possession of the properties until abstracts are examined and *his decision has been made* as to whether *he desires* to proceed with the purchase ...." (Emphasis added.) Contrariwise, other language in the agreement indicates a restricted decision, e. g. "... in the event ... [the Buyer] agrees that the title to the said real property will be acceptable within the said twenty–one (21) day period ...."

It is not disputed that the reason for the unusual 21–day period (clearly not the same as a period for performance of the contract as a 30–day period for closing) was to per-

---

1. In actuality if Sellers are correct, there was no contract to rescind and the action might

have been presented as one for a declaratory judgment preserving its legal character.

mit a buyer to have a period to clear up questions about the title in addition to the usual time periods set aside for sellers to clear up questions about their titles.

 We believe the Buyer gave an enforceable promise to buy unless, in good faith, he determined the title was unsatisfactory. This limitation on Buyer's freedom is sufficient detriment to supply the needed consideration since adequacy of consideration is of no concern absent fraud, duress, and the like. *Cox v. Freeman,* 204 Okl. 138, 227 P.2d 670 (1951). In recent years courts have found sufficient consideration in an implied promise clearly present in the agreement but not made express. See Calumari and Perillo, The Law of Contracts § 4–20 (2nd Ed. 1977). Additionally, the common law notion of good faith performance as an implied contract term has been more frequently used as a result of its adoption by the Uniform Commercial Code, 12A O.S.1971, § 1–203 (not applicable here as we deal with a real property contract) and endorsement by the American Law Institute in the Restatement of Contracts (Second) § 231, T.D. 1–7 (1973). See also 17 Am.Jur.2d "Contracts" § 256.

The paramount rule for contract interpretation, springing as it does from our basic commitment to free, mutual and voluntary exchanges, is that the intention of the parties governs. 15 O.S.1971, § 152. Consistent with this is a presumption, codified in 15 O.S.1971, § 159, that parties do not intend void acts. An interpretation favoring the parties intent to do what the contract provides is favored "if it can be done without violating the intention of the parties." § 159, *supra.*

The parties agreed to all terms. As added protection to the Buyer, the Buyer was given 21 days to decide on the satisfactoriness of the title. We believe it was clearly intended and understood that the Buyer could only back out because of good faith concern about the title. While satisfaction was to be judged by the Buyer, this satisfaction was one determined in good faith and not by whim. Williston on Contracts, Third Edition § 675 A (1961) and Restate-

ment of Contracts § 265, esp. comment a (1932).

The District Court did not err and its judgment is affirmed.

AFFIRMED.

REYNOLDS and BOX, JJ., concur.