Robert H. BUSH, Appellee,

v.

MIDWEST AUTO SALES, INC., an Oklahoma Corporation, and Art Turner, Appellants.

No. 52153.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 9, 1980.

Released for Publication by Order of Court of Appeals Oct. 9, 1980.

Thompson & Williams, Inc. by William R. Thompson, Oklahoma City, for appellee.

William C. Page and Riley Brock, Oklahoma City, for appellants.

ROMANG, Judge:

This is an action for actual and punitive damages relating to the sale and purchase of an automobile.

The first trial of this case was before a jury, but on the second day of the trial, two of the jurors did not show up due to inclement weather, and the trial judge declared a mistrial.

When this case came on for trial a second time, the attorneys for defendants appeared and announced that they had been discharged the evening before. The trial judge, after entering an Order allowing said attorneys to withdraw, proceeded to hear plaintiff's evidence and, at the close thereof, awarded plaintiff judgment for actual damages of $1,867.87 and punitive damages of $25,000. Defendants, Midwest Auto Sales, Inc., an Oklahoma Corporation, and Art Turner have appealed. Defendants present four propositions of error, which read:

1. The actual damages awarded by the court are excessive and not supported by the evidence.

2. The punitive damages awarded by the court are unreasonably excessive.

3. There is neither rational nor evidentiary basis which will support the excessive punitive damages awarded.

4. The Defendant–Appellants should be granted either a new trial or a substantial remittitur of both actual and punitive damages.

Plaintiff's "Statement of Case" reads:

The facts of this case are that on or about the 7th day of November, 1977, the Plaintiff–Appellee, [Robert H. Bush,] purchased a 1975 Buick Le Sabre from a purported private individual. However, this private individual had been hired by the Defendants, Art Turner and Midwest Auto Sales, Inc., Appellants, to sell the car as a private individual and thereby enticing a buyer by stating that the car was a "one owner, low mileage, like–new". Testimony indicates that this was the method of operation of Midwest Auto Sales, Inc., and its principal shareholder, Art Turner, the Appellants. The Plaintiff purchased the automobile from the individual and later discovered he had purchased a 1975 car with a 1969 engine from a person who had never owned the car. The car, in fact, was owned by Midwest Auto Sales, Inc., the Defendant–Appellant. The Plaintiff–Appellee, after giving Defendant–Appellants, Midwest Auto Sales, Inc., and Art Turner, an opportunity to repurchase the car, brought his suit to recover damages for misrepresentation and fraud.

The evidence in this case would support an award of actual damages in excess of $1,867.87, and the trial judge so indicated in his remarks, but he limited the award to that amount because it was the sum for which suit was brought.

The finding of a trial judge, sitting without a jury, are entitled to the same weight as a jury verdict, i. e., they must be affirmed if supported by any probative evi-

dence. *Russell v. Freeman*, 202 Okl. 421, 214 P.2d 443; *Snodgrass v. State ex rel. Dept. of Pub. Saf.*, Okl., 551 P.2d 259. Here, we find that the award of $1,867.87 as actual damages is supported by probative evidence and must therefore be affirmed.

Defendants next contend that the award of $25,000 as punitive damages is excessive. Defendants cite and compare punitive damage awards to actual damages in various Oklahoma cases, and they assert that the ratio of punitive damages to actual damages should be according to what is shown in other Oklahoma cases.

In awarding punitive damages in the present case, the trial court stated:

Since this case is a more aggravated case, because in addition to the odometer rollback, they put an old '69 engine in a '75 car and because the Defendant went to the time and trouble and expense of trying to sell it through a private individual, I think this case merits more punitive damages than the standard fixed by juries.

I think $100,000.00 would be unconscionable and too high. But, I think I do have guidelines from jury verdicts in this type of case and I think this merits for punitive damages for the reasons that I've outlined. So, I'll fix punitive damages in this case at $25,000.00.

In *Cates v. Darland*, Okl., 537 P.2d 336, a case where the odometer had been turned back on a used car, the jury awarded actual damages of $200 and punitive damages of $7,000. The Oklahoma Supreme Court affirmed. The opinion in that case reads in part:

*Boise Dodge, Inc. v. Clark*, 92 Idaho 902, 453 P.2d 551, involves the mechanical alteration of the mileage of automobile odometer and an award of punitive damages by a jury. The jury awarded $350.00 actual damages and $12,500.00 punitive damages. The defendant appealed, claiming, among other things, that the amount of punitive damages was excessive. The Idaho Court, in sustaining the amount of damages, stated:

"[t]he application of any fixed arithmetic ratio to all cases in which punitive damages are assessed would be arbitrary."

\* \* \* \* \* \*

We hold that the amount of $7,000.00 in punitive damages is not excessive in view of the statutory criteria " \* \* \* for the sake of example, and by way of punishing the defendant." 23 O.S.1971 § 9.

In *Sopkin v. Premier Pontiac, Inc.*, Okl. App., 539 P.2d 1393, involving the conversion of an automobile, the jury verdict was for $400 actual damages, and $7,100 punitive damages. In affirming as to both, this Court said:

"Punitive damages awarded need not bear any relationship to actual damages sustained."

Considering the facts of the present case as revealed by the record, we find that the award of $25,000 for punitive damages is not excessive. By this conclusion, we have, in effect, found that there is no merit in defendants' two remaining propositions, and we so rule. Therefore, the judgment of the trial court is affirmed.

AFFIRMED.

REYNOLDS, P. J., and BOX, J., concur.