## TOWNSEND v. TOWNSEND.

No. 25738.    Oct. 15, 1935.

186

Tom Payne, for plaintiff in error.

Wellington L. Merwine, for defendant in error.

PER CURIAM. Judgment was rendered in the lower court on a verdict of the jury finding the plaintiff in error, Guy Townsend, hereinafter referred to as defendant, guilty of contempt of court and committing the defendant to jail until such time as he complies with the orders of the court. After trial and while motion for new trial was pending, the court allowed the plaintiff, Ada Townsend, to amend the complaint by inserting the words, "and such failure to comply therewith is willful," and to amend the citation by inserting the words, "and neglected and such failure and neglect was willful." Defendant seeks a reversal upon the grounds that the allowance of such amendments was erroneous and an abuse of discretion, claiming that the complaint before amendment did not charge an indirect contempt of court.

Under section 251, Okla. Stats 1931, the trial court in the furtherance of justice, may, in its judicial discretion, permit pleadings to be amended before or after judgment, but such amendments are within the sound judicial discretion of the trial court, and unless it appears that this discretion has been abused, this court will not disturb the ruling of the trial court in refusing or permitting such amendments. Donnelly v. Atkins, 130 Okla. 33, 264 P. 911.

This action was tried on the theory that it was a civil action for indirect contempt of court, and was prosecuted for the benefit of one of the parties to the action, and it was in its nature a civil proceeding and the rules and statutes governing civil proceedings would apply (Wells v. Wells, 46 Okla. 88, 148 P. 723; Morgan v. National Bank of Commerce, 90 Okla. 280, 217 P. 388); and therefore the only question is whether the allowance of the amendments was an abuse of the judicial discretion of the court.

The complaint before amendment clearly charged a failure and refusal to comply with the order and also a violation of the order. It was not necessary to use the word "willful," if the facts charged should show willfulness in themselves, the fact of willfulness being a conclusion based on the facts alleged. The defendant went into the trial with the knowledge he was charged with a refusal to comply with the court's orders and the case was tried on the theory that it was necessary for the plaintiff to prove that his conduct amounted to a willful violation of the order, the jury was so instructed, and by their verdict they found that his conduct toward the court amounted to a willful violation of an order of the court. Therefore the defendant was sufficiently advised of the charges he was to defend, and after the jury found it to be willful, it was not an abuse of discretion for the court to permit the amendments to be made.

The judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Ted C. Morgan, Theodore Pruett, and Grover C. Wamsley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Morgan and approved by Mr. Pruett and Mr. Wamsley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, BAYLESS, and CORN, JJ., concur.