## Ex parte TOWNSEND.

No. 27153. June 23, 1936.

James M. Hays, Jr., for petitioner.

Wellington L. Merwine for respondent.

PHELPS, J. In an action for divorce and alimony prosecuted by Ada Townsend against Guy Townsend, the district court of Okmulgee county ordered and directed that Guy Townsend pay, as alimony, to Ada Townsend the sum of $500, to be paid in monthly installments, also $50 attorney's fee.

The sum of $250 in monthly installments having accumulated and the defendant not having paid either the installments or attorney's fee, he was cited for contempt of court for failing to pay the amount due. Upon trial by a jury he was found guilty and was ordered committed to jail until such time as he made payment of said $250, the installments due, and the $50 attorney's fee.

From that conviction he made appropriate bond and appealed to this court, where the judgment of the district court was affirmed. Townsend v. Townsend, 174 Okla. 185, 50 P. (2d) 147. While the appeal was pending here, the balance of the installments, amounting to $250, became due, but was not paid. This court issued its mandate to the district court of Okmulgee county. Said mandate was spread of record, and the district court issued a commitment directing that Guy Townsend be committed to jail until he paid the full $500 alimony and $50 attorney's fee.

He files here his original petition praying for a writ of habeas corpus, claiming that the commitment under which he is held is void for the reason that he was committed to jail until he pays $550, whereas the original charge of contempt upon which he was found guilty was for his failure to pay $250 and $50 attorney's fee.

In our judgment there is merit in petitioner's contention, but there is nothing in the record to indicate that he has ever attempted to purge himself of the contempt charge by paying the $250 alimony and $50 attorney's fee, which furnished the basis of the contempt charges against him. The district court had no jurisdiction or authority to include in the commitment the item of $250 which was not considered in the contempt proceedings, until such time as complaint was made and hearing had relative to that item. However, it is quite clear that petitioner would not be entitled to release until he paid or tendered the amount about which there is now no question.

The writ is therefore denied.

OSBORN, V. C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.