Thomas H. GREEN, Plaintiff In Error,

v.

Mary Kathryn GREEN, Defendant in Error.

No. 39599.

Supreme Court of Oklahoma.

June 26, 1962.

Frank R. Hickman, Tulsa, for plaintiff in error.

Charles Dunn, Tulsa, Dick Jones, Okl. City, for defendant in error.

PER CURIAM.

The facts are the plaintiff obtained a divorce from the defendant on January 6, 1959, and was given custody of the two minor children of the parties, and the defendant was ordered to pay to the plaintiff for the maintenance and support of said minor children the sum of $225.00 on or before the 10th day of each month, commencing immediately and continuing until the youngest of said children becomes of age, or until the further order of the court. Pursuant to an application of the plaintiff the court on August 7, 1959, adjudged the defendant in contempt for wilfully refusing to pay child support according to the decree of divorce, and found the defendant was $925.00 in arrears. The order also provided that the child support be set temporarily at $150.00 per month until January 18th, 1960, and sentence be passed until that date to enable the defendant to purge himself of the contempt.

On December 22nd, 1960, the defendant filed a motion to dismiss the contempt citation. A part of said motion states:

"That on the 7th day of August, 1959, the Court adjudged the defendant to be guilty of contempt for failure to pay $925.00 arrearage of child support; that thereafter the matter was passed from time to time in order that the defendant could comply with the payment of the arrearage and to purge himself of contempt; that on the 1st ·day of April, 1960, the said defendant

paid the plaintiff the sum of $500.00 and on the 7th day of April, 1960, said defendant paid the plaintiff the sum of $500.00, and that by reason of all the aforesaid, the defendant has purged himself of contempt and said Citation should, therefore, be dismissed and the defendant discharged."

The assignments of error by the defendant for reversal of the sixty days jail sentence are that the finding of guilt of contempt on August 7, 1959, had been purged by the defendant paying in excess of $925.00 into the court clerk's office; that the judgment and sentence is void for the reason that there was no alternative or opportunity for the defendant to purge himself of contempt; that the finding of contempt and sentencing therefor on December 22, 1960, was void because no new application for citation had ever been issued.

The $925.00 was the full amount of the arrears on August 7, 1959, as found by the trial court, and the same was paid by the defendant prior to the date he was sentenced to sixty days in jail. The application for contempt filed before the 7th day of August, 1959, could not include future payments for support of the children without being properly amended. Townsend v. Townsend, 174 Okl. 185, 50 P.2d 147.

As the record fails to show that the original application was amended or another application filed after August 7, 1959, asking the court to adjudge the defendant guilty of contempt for wilfully failing to make said payments occurring after August 7, 1959, the trial court was without power or authority to render said judgment, therefore, the judgment must be reversed.

It is so ordered.

The court acknowledges the aid of Supernumerary Judge, N. S. Corn, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.