**Sherry LEAGUE, Appellee,**

v.

**Dale Albert LEAGUE, Appellant.**

**No. 57166.**

Court of Appeals of Oklahoma, Division No. 4.

April 12, 1983.

Rehearing Denied May 5, 1983.

Certiorari Denied April 14, 1987.

As Corrected April 26, 1987.

Louis G. Buchanan, Love, Beal & Buchanan, P.C., Oklahoma City, for appellant.

Steve Hendrickson, George Miskovsky, Jr., & Associates, Oklahoma City, for appellee.

BRIGHTMIRE, Presiding Judge.

The main question is whether the defending father can be jailed for failure to pay a judgment previously granted plaintiff mother for accrued unpaid child support. We hold he cannot be and reverse.

I

The plaintiff mother obtained a default divorce from defendant father in 1969. The mother asked for and was awarded custody of their two minor children and the father was ordered to pay $75 a month support per child. The father thereafter paid no child support, so on January 19, 1977, the mother filed a motion for an order to increase the monthly support payments to $200 per child and at the same time she asked the court to cite the father for contempt of court because of failure to pay the child support and her attorney's fee as ordered.

The citation was heard February 17, 1977. The father pleaded guilty to willful failure to comply with the 1969 payment orders. The court thereupon found the father guilty of indirect contempt of court, ordered the father to pay $50 a month on

the arrearage, passed sentencing to September 15, 1977, and released the father on a $10,000 bond. Then, however, the court further found that the child support arrearage amounted to $12,775 and entered a judgment against the father for that amount, together with eight percent per annum interest until paid.

Sentencing on the contempt finding was thereafter passed from time to time. On November 18, 1980, the court entered a judgment for the unpaid interest on the February 1977 judgment and recited that the total judgment was for $14,545, which should begin to draw interest at eight percent. The court also decreed that the February 1977 order for paying accrued child support was modified to $96 a month and the father ordered to present a proposal for total satisfaction of the arrearage judgment on May 18, 1981—the date to which sentencing for the February 17, 1977, contempt finding was passed. The father did present a proposal for satisfying the judgment as ordered.

Eventually, on July 13, 1981, an order was entered that forms the foundation for this appeal. In it the trial court found that defendant had not satisfied the November 18, 1980, judgment, found the father "guilty of indirect civil contempt" without mentioning why or for what reason, and sentenced him to jail for one year or until he purged himself of contempt by paying off the $14,545 judgment. An appeal bond of $15,000 was set, which the supreme court reduced to $2,000 a short time later.

## II

We hold the trial judge exceeded his jurisdiction in imposing the sentence he did. Historically there had been but one post-decree contempt citation issued against the father and that was the one he pleaded guilty to on February 17, 1977.

■ The first trouble with the July 13, 1981, "Judgment and Sentence" arises from the fact that after finding the father guilty of contempt the court did not impose a remedial sentence but instead passed sentencing to a future date and then reduced the arrearage to judgment. When this happened the contempt finding became inoperative and the mother's enforcement remedies were narrowed to those relating to enforcement of the judgment.[1] As a matter of fact, so far as we can discern, no court ever attempted to sentence the father in connection with the February 17, 1977, contempt finding.

■ The second problem with the July 13 order is that it finds the father "guilty of indirect civil contempt"—a finding based on a charge that was never lodged, identified or heard, and was thus, as to the father, a fundamental deprivation of due process. The only thing we can see that the contempt finding could possibly have been for was for a failure to pay the earlier judgment in full. If indeed it was, then the order ran afoul of laws that prohibit enforcement of judgments for debt by contempt proceedings. It is constitutionally impermissible to imprison one for debt. Okla. Const. art. II, § 13.[2]

## III

■ Complaint is also made that the November 18, 1980, judgment erroneously reduced to judgment the interest due under the original judgment, which had the effect of compounding interest on the original judgment. The contention, of course, has merit. On November 18, 1980, accrued interest on an earlier judgment was not a justiciable matter—only unpaid child support payments that had accrued since the earlier judgment. As we understand the evidence the father made the required support payments as they came due after rendition of the first judgment and had made some reduction in the judgment itself. Certainly the court could not effectively adjudicate that which had already been adjudicated. In other words to reenter the

1. *Wade v. Wade,* Okl., 570 P.2d 337 (1977).

2. 12 O.S.1981 § 850, authorizes the court to order a judgment paid in installments and to enforce compliance with the order by punishment as for contempt. No such installment order was made after entrance of the judgment.

previous judgment amounted to a judicial redundancy and accomplished nothing.

Under the circumstances the November 18, 1980, "judgment" has to be considered merely a recital of the amount of principal and accrued interest due on the 1977 judgment.

The July 13, 1981, "Judgment and Sentence" is reversed.

DeMIER, J., concurs.

STUBBLEFIELD, J., concurs in result.

STUBBLEFIELD, Judge, concurring in result.

I do not agree with all of the rationale of the majority opinion. The majority seems to say that rendering a judgment for child support arrearage, *after* a finding of guilt of indirect contempt, precludes the court from jailing the guilty party. I can find no support for that proposition.

The facts, as I see them, are as follows: Plaintiff cited defendant for contempt for failure to pay child support and attorney fees. The parties appeared at the hearing on the citation, each represented by an attorney. Apparently by agreement, defendant entered a plea of guilty. The court found defendant guilty, made a finding of the arrearage amount, and ordered defendant to pay an additional attorney fee. Sentencing was set for a day certain. Additionally, the court ordered defendant to start making his child support payments and to additionally pay $50 per month on the arrearage. Finally the court awarded judgment to plaintiff for the arrearage plus statutory interest. Again, I would repeat that all of the order was apparently entered by agreement.

The apparent intention of the parties was to give defendant time to show his good faith in two ways: (1) paying his child support—something he had not previously done and (2) making his payment toward reduction of the arrearage. This intent was manifested in subsequent proceedings. On approximately a dozen occasions the matter was reset for sentencing, and apparently on each occasion the court felt

defendant was making a good faith effort at purging himself of contempt. Finally, however, the court apparently felt that a valid effort by defendant to purge himself would require total payment of the arrearage, and the court ordered defendant to submit some plan for doing so. The court was apparently not satisfied with defendant's plan, because on July 13, 1981, the court sentenced defendant to one year in the county jail.

Under the facts, as just set forth, I believe the court was empowered and justified in sentencing defendant. I do not agree with the majority's citation that *Wade v. Wade, supra,* stands for the proposition that granting a judgment for arrearage, after a finding of guilt of contempt strips the court of authority to sentence a defendant to jail. The court in *Wade* denied the application for citation, and I do not find it stands for the proposition which the majority claims.

There is reversible error herein, however. The trial court, when sentencing the defendant, set the arrearage at $14,545—the sum defendant would have to pay to purge himself of contempt and thus obtain his release from confinement. This was error. The court had found the arrearage on February 17, 1977, the date defendant was adjudged guilty of contempt, to be $12,775.

He could not be found in contempt for subsequent failure to pay child support in the absence of a new application for citation. *Green v. Green,* Okl., 373 P.2d 15 (1962). Thus if the new arrearage amount reflects child support payments subsequent to February 17, 1977, it is error. If it reflects interest on the $12,775 debt it is also error, because that, indeed, would be using the remedy of contempt not to enforce payment of child support but to enforce the judgment, and would not be permissible.

Likewise, the court's order of July 13, 1981, seems to be sentencing defendant for the contemptuous act of disobeying the court's order to present a proposal for total satisfaction of the child support arrearage. No application was filed to cite the defend-

ant for contempt regarding that order. Thus the court's finding of contempt was error.

I would reverse, but I would remand for sentencing in keeping with this opinion.