MARGARET TRIESBACK AND OTHERS, *Appellants,* v. RICH-MOND TYLER AS TRUSTEE, AND OTHERS, *Appellees.*

A deed from mother to a son upon the sole consideration of love and affection will not be reformed in behalf of the son to the disinherison of other children, equally entitled to her bounty.

This case was decided by Division A.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*D. C. Campbell* and *Fletcher & Dodge,* for Appellants;

*Axtell & Rinehart, for* Appellees.

COCKRELL, J.—This is an appeal from a decree reforming a deed of conveyance from Margaret C. Tyler, to Richmond Tyler in trust for his children, so as to read the

northern two-thirds of Lot 4, Sec. 1, Tp. 2 S. R. 26 E., in Duval County instead of the southern two-thirds.

The deed was executed in 1884, about two years prior to the death of the grantor, who was the mother of the said Richmond. It appears that the mother had theretofore deeded the southern third to other sons, the middle third to Richmond, her oldest son, and one acre in the northern third to Mary W. Shepard, her oldest child, and that the reformed deed excepted "one acre heretofore conveyed to Mary W. Shepard."

The difficulty with the case arises upon the consideration supporting the deed, which appears to have been only love and affection. This consideration is sufficient to uphold a deed as written, but it seems that it will not alone support an equity in the grantee to reform the deed. In this aspect the deed is said to be voluntary, an act of bounty, entitling the donee to no more consideration than the other children of the donor, who are sought to be disinherited *pro tanto.*

While the modern trend of the cases may be to seize upon some fact or circumstance, that may be construed into a valuable as opposed to a mere good consideration, we find no such fact or circumstance here, and the appellee plants himself boldly upon the proposition that love and affection from mother to son is all sufficient.

The deed names as an additional consideration the sum of five dollars, but this money consideration may be ignored upon the sworn answer and lack of proof. The bill further alleges title by adverse possession of the northern third, but this too admittedly failed upon the proof.

In the absence of any fact or circumstance going to show a valuable consideration moving from the grantee to the grantor, we find the authorities abundantly support us in holding that the grantee has no equity to reform

the deed to the disinherison of the other heirs of the grantor equally entitled to her bounty. Shears v. West over, 110 Mich. 505, 68 N. W. Rep. 266; Enos v. Stewart, 138 Cal. 112, 70 Pac. Rep. 1005; Mulock v. Mulock, 31 N. J. Eq. 594; Mudd v. Dillon, 166 Mo. 110, 65 S. W. Rep. 973; Powell v. Powell, 27 Ga. 36, S. C. 73 Am. Dec. 724; Dawson v. Dawson, 1 Dev. Ev. 93, S. C. 18 Am. Dec. 573; Smith v. Smith, 80 Ark, 458, 97 S. W. Rep. 439, S. C. 10 Ann. Cas. 522; Willey v. Hodge, 104 Wis. 81, 80 N. W. Rep. 75, S. C. 76 Am. St. Rep. 852. See also Maloy v. Boyett, 53 Fla. 956, 43 South. Rep. 243, a case of specific performance.

Decree reversed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.