86 So.2d 427 (1956)
Bruce Douglas FORSYTHE, Marilyn Dale Forsythe and Norman Lloyd Forsythe, Minors, by Amelia Joyce Forsythe, their Guardian, Petitioners,
v.
Lewis SPIELBERGER, Mary Ann Spielberger, Lois Spielberger, Henry Spielberger, Jr., Henry Spielberger, Individually and as Trustee, Robert J. Duff, as Trustee and Executor under the Last Will and Testament of Jacob L. Spielberger, Deceased, and the Exchange National Bank of Tampa, as Administrator de bonis non of the Estate of Jacob L. Spielberger, deceased, Respondents.
Supreme Court of Florida. Special Division A.
March 28, 1956.
*428 John P. Corcoran, Jr., and Brown, Brown & Corcoran, Tampa, for petitioners.
Robert L. Frank and Reeves, Allen & Dell, Tampa, for Henry Spielberger, Jr.
John R. Himes and Coles, Himes & Germany, Hugh C. Macfarlane, and Macfarlane, Ferguson, Allison & Kelly, Tampa, for respondents other than Henry Spielberger, Jr.
TERRELL, Justice.
June 10, 1954, Jacob L. Spielberger, hereinafter designated as settlor, executed an inter vivos trust by which he delivered to named trustees $70,000 in mortgages. The trust provided that the settlor receive the income therefrom during his life; that at his death his wife, Pauline Spielberger, should be paid the income from said trust during her life and that at her death, the trust estate be divided in four equal parts and held in trust for each of the settlor's grandchildren, to wit, Bruce Douglas Forsythe, Marilyn Dale Forsythe, Norman Lloyd Forsythe and Henry Spielberger, Jr., minors, until they attained the age of twenty-one years at which time the corpus of each said part be paid to said grandchildren.
August 1, 1954, the settlor was carried to the hospital by his daughter, Amelia Joyce Forsythe; upon arriving at the hospital he delivered to said daughter for safe-keeping $140 in cash, a watch and a diamond ring of substantial money and sentimental value. August 14, 1954, Amelia Joyce Forsythe delivered said diamond ring to Henry Spielberger, her brother. August 19, 1954, the settlor executed an amendment to the trust by which he revoked the gift or devise to his four grandchildren and in lieu thereof provided that the remainder (except a gift of $500 to each petitioner) be delivered to the settlor's sons, Henry and *429 Lewis Spielberger, Henry to receive three-fourths and Lewis to receive one-fourth of the remainder, the reason stated for so amending the trust being that Amelia Joyce Forsythe on August 2, 1954, the day after the ring was delivered to her at the hospital and prior to the time she had turned it over to her brother, Henry Spielberger, August 14, 1954, had caused the diamonds to be removed therefrom and replaced with zircons without the settlor's knowledge or consent.
August 19, 1954, the date of the amended trust, Jacob L. Spielberger, executed a will by which he devised and bequeathed all his property, other than that included in the inter vivos trust "to my son, Henry Spielberger, my friend and attorney, Robert J. Duff, and the First National Bank of Tampa, Florida, as Trustees, to be distributed by them in accordance with the terms of a living trust agreement which I executed, together with the aforesaid Trustees, on June 10, 1954, a copy of which is hereto attached, as amended by agreement dated August 19, 1954, a copy of which is also attached hereto."
Following recitation of this factual history, the complaint denied that Amelia Joyce Forsythe substituted zircons for diamonds in the ring; that the amendment to the trust and the will were induced by mistake of fact on the part of Jacob L. Spielberger and were for that reason invalid. The complaint also charged that the amendment to the trust and the will were induced by fraud and undue influence on the part of the sons, Henry and Lewis Spielberger, and their wives and for that reason were invalid. There was no assault on the trust or the will for incompetence of the settlor. The complaint charges, however, that although the amendment to the trust was executed the same day as the will, the amendment to the trust was not accepted by the trustees until August 23, 1954, and could not be legally considered as part of the will because to do so would amount to an amendment of the will by subsequent instrument not executed in accordance with the statute of wills. It is not shown, however, that the amendment to the trust was not executed in compliance with the statute of wills. It appears from the exhibits to the complaint that the amendment to the trust was executed by the settlor in the presence of two attesting witnesses on the same day the will was executed, was attached to and made part of the will by appropriate reference as was the original trust agreement which was attached to and made a part of the will.
The complaint prayed for declaratory decree adjudicating (1) that the amendment to the trust of August 19, 1954, was executed through mistake or fraud and that the trust agreement of June 10, 1954, be reformed and corrected to strike said amendment; (2) that the will be construed to bequeath the estate of the settlor to the trustees and that respondents hold their interest under said amendment of August 19, 1954, including their interest received under the will upon constructive trust; (3) that respondents, Lewis and Henry Spielberger, Henry Spielberger, Jr., Lois Spielberger and Mary Ann Spielberger, hold their interest received under the will upon constructive trust for the petitioners; (4) that the will devised the property to the trustees upon the trust of June 10, 1954, and that the amendment of August 19, 1954, should be treated as surplusage or as an attempt to amend the will by an instrument not executed as required by the statutes of Florida and for other relief.
A motion to dismiss the complaint was overruled and a motion to strike was granted as to paragraphs 1, 2 and 4 charging that the amendment to the trust agreement was induced by mistake and that part charging that it was induced by fraud and undue influence. We are confronted with an interlocutory appeal from that decree.
The first point for determination is whether or not a mistake in the inducement is sufficient ground to invalidate the will or the trust as amended.
The chancellor gave a negative answer to both aspects of this question. The complaint and the motion to strike raised both questions but petitioners challenge only the court's ruling as to his refusal to invalidate *430 the trust and support their contention with Scott on Trusts, Vol. 3, Sec. 467.2; Kiser v. Lucas, 1936, 170 Md. 486, 185 A. 441; Green v. Votaw, 1943, 192 Okla. 136, 134 P.2d 367, and Spear v. MacDonald, Fla. 1953, 67 So.2d 630.
The inducement as used here has reference to the reasons that actuated the execution of the amended trust. We have examined the authorities relied on by petitioners and they appear to deal with the question of reformation of an instrument for mistake in contents. We are concerned here with the right to strike down an instrument for error in the reasons for executing it. The cases relied on by petitioners do not seem to treat this question. Mistake in wording or content of an executed instrument is quite different from the reasons for executing it. Attempt to reconcile the principle contended for by petitioners with the cases relied on drives us to what some of the expert critics elect to call semantic confusion.
The authorities generally hold that a mistake in the inducement is not sufficient ground for invalidating a will, trust or other instrument. This rule does not apply to mistakes of the testator that have to do with the proper execution of the instrument as distinguished from the reasons for making it, neither would it apply to mistakes in naming the beneficiary or describing the property. Such mistakes relate to contents of the instrument and not to the reasons for executing it. Page on Wills, Vol. 1, page 336, Sec. 170; Martin v. Thayer, 37 W. Va. 38, 16 S.E. 489; In re Bedlow's Will, 67 Hun 408, 22 N.Y.S. 290; In re Gluckman's Will, 87 N.J. Eq. 638, 101 A. 295, L.R.A. 1918D, 742.
We do not think Sec. 731.08, F.S., F.S.A., has any relation to mistakes in inducement but has reference to wills secured by fraud, duress, mistake or undue influence. Page on Wills, Vol. 1, page 344, Sec. 173; Dibble v. Currier, 142 Ga. 855, 83 S.E. 949. Another reason this is true is that after the death of the settlor he can no longer make disposition of his property; hence a trust agreement like any other testamentary devise should not be modified or invalidated for mistake in the inducement.
The only other point urged for determination is whether or not the allegations of the complaint are sufficient to show that the amended trust agreement was an invalid attempt to amend the will by a subsequent instrument not executed in accordance with the Statute of Wills.
Paragraph 15 is the only provision of the complaint that sheds any light on the answer to this question. Casual examination reveals an attempt to amend a will by a subsequent instrument that has not been executed as required by the Statute of Wills. Such is the contention of petitioners but an examination of the authorities relied on by them shows a wide variance from the issue presented in this case. President & Directors of Manhattan Co. v. Janowitz, 1940, 260 App.Div. 174, 21 N.Y.S.2d 232, supports the theory that an amendable trust instrument cannot be incorporated by reference in a will. Old Colony Trust Co. v. Cleveland, 291 Mass. 380, 196 N.E. 920, and Koeninger v. Toledo Trust Co., 49 Ohio App. 490, 197 N.E. 419, support the view that an amendable trust instrument can be incorporated by reference in a will but that any subsequent amendment must be executed with the formality of a will. Petitioners' case is predicated on the theory that the original trust agreement was a part of the will. Petitioners are not in position to urge that an amendable trust cannot be incorporated by reference in a will.
Reverting to the main issue: it is not amiss to point out that the pertinent facts determinative of this point are that Jacob L. Spielberger executed the inter vivos trust in question June 10, 1954, and that it was amended by the settlor August 19, 1954, by an instrument in the presence of two attesting witnesses. Jacob L. Spielberger executed a will August 19, 1954, wherein he referred to the trust agreement of June 10, *431 1954, and to the amendment thereof dated August 19, 1954. The amendment was accepted by the trustees August 23, 1954.
As pointed out by respondents, these facts show that the question resolves itself into two issues: (1) Whether the allegations of the complaint were sufficient to show that the amendment to the trust was not in existence at the time of the execution of the will, and (2) whether the allegations of the complaint were sufficient to show that the amendment to the trust was not executed with the formality of a will, regardless of the time it came into existence. These issues are necessarily in the alternative for if the amendment to the trust was in existence at the time of the execution of the will, the second issue is immaterial. Conversely, if the amendment to the trust was executed with the formality of a will, it is immaterial whether or not it was in existence when the will was executed. The burden was on petitioners to allege both that the amendment was a subsequent instrument and that it was not executed in accordance with the Statute of Wills. An examination of paragraph 15 shows that the complaint alleged neither of these facts. Hence it was properly stricken.
In this case the original trust agreement was subject to amendment. It was incorporated by reference in the will. Since the complaint did not show that the amendment was not executed with the formality required of wills, the amendment to the trust should be given effect as part of the will regardless of the time of its execution. This and, in fact, so many facets of the case at bar, were considered in Stouse v. First National Bank of Chicago, Ky. 1951, 245 S.W.2d 914, and we could with propriety rest our conclusion largely on authority of that case.
Certiorari is therefore denied.
DREW, C.J., and ROBERTS and SEBRING, JJ., concur.