143 So.2d 717 (1962)
Inezze HARROD, Appellant,
v.
W.J. SIMMONS As Administrator of the Estate of Thomas Ivey Simmons; Moses Wallace Simmons; Lora Belle Schuler; Nellie Lorene Lindsay; Mandy Mae Putnam; and Lois Wahnell Green, Appellees.
No. 3190.
District Court of Appeal of Florida. Second District.
August 10, 1962.
*718 Morton J. Hanlon of Summerlin & Connor, Winter Haven, for appellant.
Corcoran & Henson, Tampa, for appellees.
KANNER, Judge.
Love and affection was the consideration for certain properties purportedly conveyed to plaintiff, appellant here, by her father one year before his death. The suit against defendants-appellees, the other heirs-at-law, brothers and sisters of appellant, and against the administrator of the estate of the father sought reformation of the deed of conveyance so as to include in it a described piece of real property which appellant asserts was intended to be deeded to her but was mistakenly omitted. From order of the chancellor dismissing the amended complaint with prejudice, the appeal has been instituted.
Alleged in the amended complaint are the essential facts comprising the background of the dispute. Decedent, accompanied by appellant daughter, visited an attorney for the purpose of engaging him to prepare his last will and testament. The father informed the attorney that, although he had six children and six stepchildren, he wished to have all his property pass only to appellant daughter upon his death to compensate her for love and affection. Pursuant to advice of the attorney, decedent executed conveyance with reservation for life estate in himself. He also executed an affidavit stating that it was his intention to convey his properties to appellant to compensate her for love and affection shown him.
Appellant's argument on behalf of reformation is premised upon a sole appeal question. The problem which it advances is whether a court of equity, regardless of availability of written evidence of the grantor's intention, will refuse to reform a deed where a mistake was made in copying the description of the property intended to be conveyed because love and affection motivated the transfer by the grantor, although the grantor was deceased prior to the attempt at reformation.
Through the stated point appellant quotes and protests application in equity of the rule of law laid down in the case of Triesback v. Tyler, Fla. 1911, 62 Fla. 580, 56 So. 947, cited by the chancellor as being preclusive of the reformation sought. The Supreme Court through that pronouncement said, "The difficulty with the case arises upon the consideration supporting the deed, which appears to have been only love and affection. This consideration is sufficient to uphold a deed as written, but it seems that it will not alone support an equity in the grantee to reform the deed."
Appellant points to the affidavit of the deceased as demonstrating his intention to convey the property in controversy, urging that the quoted rule should be limited in its application to suits for reformation brought during the lifetime of a grantor and a grantee and concluding that equity should intervene to reform the deed here so as to effectuate the true intent of the parties.
The court in Triesback v. Tyler considered and reversed a decree for reformation which had been entered for the plaintiff. *719 The instrument involved had been executed by the mother of plaintiff and defendants two years prior to her death. Virtually parallel to the case at bar, the Triesback case concerns reformation after the death of the parent grantor. Lack of consideration other than love and affection was held by the court in that case to be fatal to a request for reformation. "In this aspect," commented the court, "the deed is said to be voluntary, an act of bounty, entitling the donee to no more consideration than the other children of the donor, who are sought to be disinherited pro tanto." Thus it is clear that the Triesback case, dealing with a request for reformation to correct a deed after the death of the grantor, is at odds with appellant's thesis that the quoted rule should be restricted to reformation suits brought during the lifetime of the parties to the instrument. Triesback v. Tyler is among the group of cases from various jurisdictions representing the weight of authority. See 69 A.L.R. 427-428; 128 A.L.R. 1301; also see Williams v. Nettles, Tex. Civ.App. 1932, 56 S.W.2d 321.
Appellant urges that the affidavit referred to constitutes written proof of the grantor's intent. This, however, does not operate to take the case out of the rule, because, in any event, proof of intent, whether written or oral, is a basic and essential element for reformation. An important distinction in cases of the type here reviewed is the crucial prerequisite of valuable consideration as against that of love and affection. Although love and affection is sufficient to imbue with validity a deed as it is written, it is not girded with the strength to stand alone as support for an equity in the grantee to reform the deed. Instead, if a grantee is to be permitted to acquire through reformation that which would pass through inheritance to himself and to the other heirs in equal proportion, there should be a valuable consideration. See Triesback v. Tyler, supra. The obstacle to the granting of reformation here, therefore, is the fallacy of appellant's theory that love and affection only is adequate consideration to authorize a court of equity to reform a deed and, in so doing, to divest the other heirs of their inheritance. It is thus stated in the Triesback opinion. "In the absence of any fact or circumstance going to show a valuable consideration moving from the grantee to the grantor, we find the authorities abundantly support us in holding that the grantee has no equity to reform the deed to the disinherison of the other heirs of the grantor equally entitled to her bounty." Unfortunately for appellant, the father did not during his lifetime make the correction sought.
In the amended complaint, we find no fact or circumstance to take this case out of the principle laid down in the Triesback case. The chancellor's order of dismissal was properly entered.
Affirmed.
SHANNON, C.J., and ALLEN, J., concur.