622 So.2d 157 (1993)
In re ESTATE OF Harry B. REESE, Jr.
Shirley S. Reese, Robert M. Reese, Renee Reese, Emily Claire Reese, Robert William Reese, Carol R. Wildonger, Kenneth Wildonger, Jill Cathleen Wildonger, Beth Kristina Wildonger, Mark Kenneth Wildonger, James David Reese, M.D., Phyllis Reese, Harry Burnett Reese, Lauren Elizabeth Reese, Jamey Nicole Reese, Sarah Alexandra Reese, Anne Louise Reese, M.D., Priscilla Reese and Ryan Nathan Reese, and All Unborn Children of Robert M. Reese, Carol R. Wildonger, James David Reese, M.D. and Anne Louise Reese, M.D., Appellees.
No. 93-0332.
District Court of Appeal of Florida, Fourth District.
August 11, 1993.
Thornton M. Henry of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellants.
No brief filed by appellees.

FASTRACK APPEAL
DELL, Chief Judge.
Petitioners, personal representatives of the estate of Harry B. Reese, Jr., appeal from an order that denied their "petition for authorization to divide Trust `A' into generation skipping transfer exempt and nonexempt trusts." We reverse.
Petitioners filed an agreed statement of the case which states in part:
Appellants, by and through their attorney, filed their Petition for Authorization to Divide Trust "A" into Generation Skipping Transfer Exempt and Non Exempt Trusts. This Petition was filed on an ex parte basis. All beneficiaries and interested parties consented to the relief sought in the petition. At the ex parte hearing on November 2, 1992, the Court deferred argument and evidence and requested the Appellants file a Memorandum of Law as a supplement to the Petition. Following the submission of the Memorandum of Law as requested by the Court, the Court entered its Order Denying the Petition for Authorization to Divide Trust "A" Into Generation Skipping Transfer Exempt and Non Exempt Trusts; Reform Last Will and Testament, on December 16, 1992....
Appellees have consented to the relief sought in Appellant's [sic] Petition for Authorization to Divide Trust "A" into Generation Skipping Transfer Exempt and Non Exempt Trust. Thus, Appellees do not object to this Appeal and have agreed with this Statement of the Case.
(Record citations omitted.)
Paragraph 4.(a) of decedent's will expresses his intent to reduce estate taxes by providing:

*158 If my wife, SHIRLEY S. REESE, survives me, then the Trustees shall establish Trust A hereunder, governed by paragraph 5 below, by allocation thereto, from the property held hereunder, an amount, if any, equal to (i) the minimum amount, after taking into account all deductions other than the marital deduction and applying all credits available, which is necessary as the marital deduction to reduce to the lowest possible amount the federal estate tax payable by reason of my death and any federal generation-skipping tax on any transfer with respect to which I am the deemed transferor, ... .
(Emphasis added.)
The probate court concluded:
The petitioners, Shirley S. Reese and Robert M. Reese, the personal representatives of this estate, on November 12, 1992 filed a petition requesting the court for authorization to divide Trust "A" into generation skipping transfer exempt and non-exempt trusts so as to maximize the estate tax exemption and deductions in an effort to minimize estate taxes imposed upon this estate in its existing condition. All the interested persons involved, obviously, agree to the reformation as it is in their economic interest to do so; counsel advises there is no Florida appellate authority addressing the question presented to this court.
Reduced to its most simple terms, the issue presented to the court is whether a circuit court in the State of Florida, in the exercise of its equitable jurisdiction, can and will rewrite the decedent's last will and testament so as to afford to the estate the greatest tax advantages allowable pursuant to the Tax Reform Act of 1986 where the testator, for reasons best known to himself, who had ample opportunity, failed to do so? For the reasons set forth below, the court answers the question presented in the negative.
(Emphasis added.) Petitioners contend the probate court erroneously characterized their petition as one seeking reformation of the will. They argue the substance of their petition did not seek to change or reform the will but rather sought to have the trusts construed in a manner consistent with the testator's expressed intent. They also point out that the petition did not seek to change the dispositive provisions of the will and the trusts created thereunder.
In Morgenthaler v. First Atlantic National Bank of Daytona Beach, 80 So.2d 446 (Fla. 1955), our supreme court stated:
From the beginning this court has undeviatingly held to the view that in construing wills its guide and polar star is the intent of the testator. The cases of this court affirming this proposition are legion. There is no higher duty nor greater responsibility on the courts than that of seeing to it, in proper cases, that the will of the dead is honored.
Id. at 452. Christian Herald Ass'n, Inc. v. First National Bank of Tampa, 40 So.2d 563 (Fla. 1949), provides further support for appellants' petition to divide Trust A into a tax exempt nonexempt trust:
In ascertaining the testator's intention, the will in its entirety will be considered, and when once the intention has been discovered, the wording of the will will be given such liberal construction as will effectuate the intention of the testator as may be consistent with established rules of law. Marshall v. Hewett, 156 Fla. 645, 24 So.2d 1.
Id. at 567. Here, the decedent's expressed intent is unequivocal:

[T]o reduce to the lowest possible amount the federal estate tax payable by reason of my death and any federal generation-skipping tax on any transfer with respect to which I am the deemed transferor, ....
(Emphasis added). We agree with appellants' argument that the lower court misconstrued their petition to divide the trusts as a request for reformation of the decedent's will, as opposed to a request for construction of the will. Petitioners do not seek authority to change the dispositive provisions of Trust A nor that of the decedent's estate plan. The division of Trust A into generation skipping tax exempt and nonexempt trusts will not affect the dispositive *159 provisions of Trust A and no beneficiary will gain anything at the expense of another beneficiary. Therefore, we hold that under the facts of this case, the trial court erred when it failed to construe the decedent's will consistent with his intent to minimize the federal estate tax liability under Trust A with specific reference to the ramifications of the generation skipping transfer tax.
Accordingly, we reverse and remand this case to the trial court with instructions to grant appellants' petition.
REVERSED and REMANDED.
ANSTEAD and HERSEY, JJ., concur.