671 So.2d 220 (1996)
Harold Gene WEEKLEY and Theresa D. Weekley, Husband and Wife, Appellants,
v.
PACE ASSEMBLY MINISTRIES, INC, Appellee.
No. 95-2829.
District Court of Appeal of Florida, First District.
April 4, 1996.
Thomas M. Brady of Wells, Brown & Brady, P.A., Pensacola, for Appellants.
Jack Locklin, Jr., of Johnson, Green, Locklin & Miller, P.A., Milton, for Appellee.
PER CURIAM.
This is an appeal from an order dismissing for failure to state a cause of action one count, which sought injunctive relief to prevent further flooding of appellants' property, of a multi-count complaint. We have jurisdiction. Fla.R.App.P. 9.130(a)(3)(B). We conclude that the dismissed count contains sufficient allegations to state a cause of action for injunctive relief. Accordingly, we reverse.
To state a cause of action for injunctive relief, a plaintiff must allege ultimate facts which, if true, would establish (1) irreparable injury (that is, injury which cannot be cured by money damages), (2) a clear legal right, (3) lack of an adequate remedy at law and (4) that the requested injunction would not be contrary to the interest of the public generally. E.g., Florida Fern Growers Ass'n v. Concerned Citizens of Putnam County, 616 So.2d 562 (Fla. 5th DCA 1993). The dismissed count includes allegations sufficient to satisfy these requirements. It also includes an allegation to the effect that the improvements made by appellee to its property have resulted in interference with the *221 natural flow of surface storm water which is unreasonably harmful to appellants. See Westland Skating Center, Inc. v. Gus Machado Buick, Inc., 542 So.2d 959 (Fla.1989) (possessor of land legally privileged to make reasonable use of land even if flow of surface water is altered by improvements, resulting in some harm to others; however, unreasonably harmful interference with flow of surface water is actionable). Such allegations are legally sufficient to state a cause of action for injunctive relief. Accordingly, it was error to dismiss the count which is the subject of this appeal. Whether appellants will be able to prove their allegations is, of course, a question for another day.
The order dismissing amended count II of appellants' complaint is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.