676 So.2d 511 (1996)
David ROBINSON, as Co-Personal Representative and as Co-Trustee, Shirley Ann Robinson, and Jill Robinson, Appellants,
v.
Marilyn Z. ROBINSON, as Co-Trustee of the Marvin Robinson Marital Trust, S. Sam Tootalian, individually and as Co-Trustee, Steven Smilack and Jeffrey Boren, Appellees.
No. 95-0482.
District Court of Appeal of Florida, Fourth District.
July 10, 1996.
Clarification Denied August 6, 1996.
*512 Michael L. Trop, Robin Corwin Campbell, and Eric Lee of Atlas, Pearlman, Trop & Borkson, P.A., Fort Lauderdale, for appellants.
William Jay Palmer and Jared Gelles of Adorno & Zeder, P.A., Miami, for Appellee-Marilyn Z. Robinson.
STONE, Judge.
Finding no ambiguity within the provisions of the Marvin L. Robinson amended and restated declaration of trust, we reverse the order of the trial court with regard to the allocation of taxes in distributing the estate of Marvin Robinson.
During his lifetime, Marvin Robinson, deceased, executed both a last will and testament (the will) and a revocable trust (the trust). Pursuant to the terms of the will, all estate taxes, whether or not based on property passing under the will, were to be paid from the residuary estate without apportionment. In conflict with this language, under the terms of trust article "IV B," all estate taxes were directed to be paid from the trust principal with any sums passed to the trust from the estate divided pursuant to the trust's terms. The trust provided further for the creation of three sub-trusts, the marital trust, the Shirley Ann Robinson trust, and the Jill Robinson trust. As defined in trust article "IV E," the marital trust was to consist of one-third (1/3) of the net trust estate after liabilities and after payment of taxes as defined in article "IV B." As defined in trust article "IV I," the Shirley Ann Robinson trust, in relevant part, was to consist of all remaining trust assets after payment of taxes as defined in article "IV B" and distributions to the marital trust and the Jill Robinson trust.
Upon Marvin's death in 1993, his spouse, Marilyn, as co-trustee and beneficiary, instituted an action to reform the will and the trust. Marilyn alleged that the will provision providing for payment of estate taxes from the residuary estate was in conflict with the trust provision providing for payment of the estate taxes from the trust's principal. Further, Marilyn alleged that trust article "IV E" was ambiguous and in conflict with trust provision "IV B." Marilyn asked that the will and trust be reformed and that extrinsic evidence be admitted as to Marvin's intent.
The court held that the language of the will and trust was ambiguous and conflicting on both asserted grounds. The court, based on extrinsic evidence admitted at trial, ruled that Marvin had intended his probate estate to pour over into the trust free of estate taxes, intended the marital trust to be free of estate taxes, and intended *513 the Shirley Robinson trust to bear the impact of all estate taxes. Although we are in agreement that the trial court was correct to find conflict between the will and the trust and approve of its resolution of that issue,[1]see O'Neill v. Sacher, 451 So.2d 1032 (Fla. 3d DCA 1984); In re Estate of Baer, 446 So.2d 1128 (Fla. 4th DCA), rev. denied, 456 So.2d 1181 (Fla.1984); Sun Bank/Miami, N.A. v. Hogarth, 536 So.2d 263 (Fla. 3d DCA 1988), rev. denied, 545 So.2d 1369 (Fla.1989), we find no conflict or ambiguity in the provisions of the trust itself. Therefore, we are compelled to reverse notwithstanding that there is substantial evidence, inadmissible absent an ambiguity, supporting the trial court's findings concerning Marvin's intent.
The language of trust article "IV B" clearly states that estate taxes are to be paid prior to the creation of the three sub-trusts. The trust, in articles "IV E" and "IV I," also clearly recognizes that the marital and Shirley Robinson trusts are to be funded after payment of the amounts due under article "IV B," namely the estate taxes. As nothing in these provisions demonstrates any possible alternative constructions of the trust's provisions, the trial court was constrained by the four corners of the trust and erred by accepting evidence of the grantor's intent. Adkins v. Woodfin, 525 So.2d 447 (Fla. 4th DCA 1988); Souder v. Johnson, 501 So.2d 745 (Fla. 4th DCA 1987); Campbell v. Campbell, 489 So.2d 774 (Fla. 3d DCA 1986).
We find no error as to any other issues raised.
DELL and KLEIN, JJ., concur.
NOTES
[1] We deem inapposite Appellants' characterization of the majority opinion in In re Estate of Strohm, 241 So.2d 167 (Fla. 4th DCA 1970) (affirmed per curiam without opinion), as well as our opinion in Yoakley v. Raese, 448 So.2d 632 (Fla. 4th DCA), rev. denied, 456 So.2d 1181 (Fla.1984). Unlike the instant case, where the will and the trust were executed in tandem to form an overall testamentary scheme, in both the above cited cases, the instruments in question lacked any form of mutuality which would justify reading them together.