697 So.2d 220 (1997)
Rose KASMER, et al., Appellants,
v.
In re the GUARDIANSHIP OF Roman LIMNER, Appellee.
No. 97-1903.
District Court of Appeal of Florida, Third District.
July 23, 1997.
Judith A. Frankel, Miami Beach, for appellants.
Young, Berman & Karpf and Andrew Berman, North Miami Beach, for appellee.
Before SCHWARTZ, C.J., JORGENSON and LEVY, JJ.
PER CURIAM.
Rose Kasmer and Morris David Kasmer, the personal representatives of the Estate of Roman Limner, appeal from an order of the probate court requiring the cremation of Roman Limner. We affirm.
Roman Limner died May 21, 1997. His will, dated May 7, 1990, expressly states: "It is my request and desire that my remains be cremated and that my ashes be strewn in such manner as my wife, ROCHELLE, shall determine." However, Rochelle Limner predeceased her husband by three months. The probate court ordered cremation pursuant to the will. For reasons of conscience, the personal representatives have asked that the order be reversed.
The probate court correctly concluded that the testamentary language is controlling. *221 Florida courts have long held that testamentary directions are to be complied with to the fullest extent possible. Here, the probate court appropriately noted the Florida Supreme Court's position:
From the beginning this court has undeviatingly held to the view that in construing wills its guide and polar star is the intent of the testator. The cases of this court affirming this proposition are legion. There is no higher duty nor greater responsibility on the courts than that of seeing to it, in proper cases, that the will of the dead is honored.
Morgenthaler v. First Atlantic Nat'l Bank of Daytona Beach, 80 So.2d 446, 452 (Fla.1955); see In re Estate of Reese, 622 So.2d 157, 159 (Fla. 4th DCA 1993) (reversing the trial court when it "failed to construe the decedent's will consistent with his intent"); In re Estate of Bancker, 232 So.2d 431, 432 (Fla. 4th DCA 1970) (noting that "[t]he intention of the testator has always been the primary consideration in construing wills").
Mr. Limner clearly stated his wishes. The first portion of the will provision, the cremation, can be performed. The second portion, the strewing of the ashes, can be accomplished through two possible means. First, the personal representatives may petition the trial court for directions. Alternatively, section 470.0255(2), Florida Statutes (1995), provides that "the funeral or direct disposal establishment" may dispose of any unclaimed cremated remains after 120 days. We remind the Kasmers that their duty as personal representatives is to administer this estate in accordance with the terms of Mr. Limner's will.[1]
The stay of the probate court order is vacated and the order is affirmed.
NOTES
[1] If the personal representatives cannot act in compliance with the will because of their religious views, they are free to resign or ask the probate court to appoint suitable individuals who can carry out the decedent's wishes.