732 So.2d 1206 (1999)
In re ESTATE OF Amos G. HULS, Deceased.
Amy Israel, Cameron Vance, and Jamie Vance, Appellants,
v.
Jeffrey Flenser, individually and as Trustee, June M. Huls, individually and as Personal Representative, and United Companies Life Insurance Company, Appellees.
No. 98-01512.
District Court of Appeal of Florida, Second District.
May 19, 1999.
*1207 Robert L. Donald of Law Office of Robert L. Donald, Fort Myers, and Michael F. Kayusa of Law Office of Michael F. Kayusa, Fort Myers, co-counsel for Appellants.
Howard L. Crown and Mark W. McFall of Grant, Fridkin, Pearson, Athan & Crown, P.A., Naples, for Appellee June M. Huls.
James D. Gibson of Roknich & Gibson, Sarasota, for Appellee Jeffrey Flesner.
No appearance for remaining Appellees.
THREADGILL, Judge.
In this probate action, the appellants, the grandchildren of Amos G. Huls, the decedent herein, challenge an order which approves a settlement agreement between appellees June M. Huls, the decedent's widow, and Jeffery Flesner, the successor trustee of the decedent's inter vivos trust. The appellants raise several issues; however, we address only those points relating to the irrevocability of the decedent's trust and the probate court's authority to enjoin the appellants from suit, as those issues are dispositive. We therefore reverse and remand for further proceedings.
In December 1994, the decedent simultaneously established an inter vivos trust and pour-over will. The trust instrument designated the decedent as both settlor and trustee. Upon the decedent's death, Jeffrey Flesner would become the successor trustee, and the decedent's widow would become the income beneficiary of the trust for life, with the income then going to the appellants upon the widow's death. The trust instrument also provided that, upon the decedent's death, the trust would pay the decedent's estate taxes and costs, as well as his personal debts, to the extent the probate estate could not do so. The pour-over will incorporated the terms of the trust instrument by specific reference and provided that the residue of the decedent's probate estate would pour over into the trust.
The decedent died in April 1996. His will was submitted for probate, and the widow was appointed personal representative of the probate estate. After a rather long, convoluted procedural history in which many issues arose concerning the decedent's trust, the probate court entered the order appealed from, which essentially approves and adopts the terms of a settlement agreement between the decedent's widow and the decedent's successor trustee, Jeffrey Flesner. In pertinent part, the order in effect reforms or revokes the decedent's trust by replacing it with a new trust, with the widow as settlor and with otherwise slightly different terms than those set forth in the decedent's trust instrument. The order also discharges Flesner as trustee of the decedent's trust and enjoins the widow and the appellants from bringing suit against either Flesner or the insurance company who issued two annuities that originally formed the corpus of the decedent's trust. The appellants have timely appealed the foregoing order pursuant to Florida Rule of Appellate Procedure 9.110(a)(2).
"[A] trust with testamentary aspects may be reformed after the death of the settlor for a unilateral drafting mistake so long as the reformation is not contrary to the interest of the settlor." Estate of Robinson v. Robinson, 720 So.2d 540, 543 (Fla. 4th DCA 1998). Proof of any such mistake must be clear and convincing. Id.
In this case, the record is completely devoid of a reason for the reformation or revocation of the decedent's trust, let alone clear and convincing proof of a drafting mistake necessitating such. Nor are there any pleadings or proof supporting the issuance of an injunction against the appellants to preclude any cause of action they, as trust beneficiaries, may have against Flesner, as trustee, or the insurance company who issued the aforementioned annuities. See Weekley v. Pace Assembly *1208 Ministries, Inc., 671 So.2d 220 (Fla. 1st DCA 1996)(elements necessary to state a cause of action for injunctive relief). We therefore reverse and remand this cause for further proceedings.
Reversed and remanded.
CAMPBELL, A.C.J., and CASANUEVA, J., Concur.