SHEPHERD, J.
Cecilia Reid, as trustee of the Edgar Sonder Trust, appeals an order denying her Amended Petition for Reformation of the Trust after a trial on the merits, and granting appellate attorney fees on a prior appeal to Hebrew Union College pursuant to sections 733.016 and 737.2035, Florida Statutes (2007). We affirm the trial court’s denial of reformation and dismiss the appeal of the order on application for appellate attorney fees for lack of jurisdiction.
This case has been before us on two prior occasions. Most recently, in Reid v. Temple Judea, 994 So.2d 1146 (Fla. 3d DCA 2008) (Reid II), we reversed a trial court ruling that Ms. Reid lacked standing, as trustee of the Edgar Sonder Trust, to bring this reformation action. We summarized the relevant facts as follows:
On May 17, 2000, Edgar Sonder executed a trust naming himself as trustee. By subsequent amendment, Cecilia Reid was named as sole successor trustee. This trust, funded by assets “pouring over” from Sonder’s estate, provided for a number of gifts following Sonder’s death. Specifically, Article II, paragraph 1 of the trust as amended, titled “Pecuniary Gifts,” provided for gifts totaling $31,000 to ten charities. Article II, paragraph 2 as amended, titled “Endowment Gift,” provided that “[ajfter the gift listed in paragraph 1. directly above,” $125,000 was to be paid to the Hebrew Union College Jewish Institute of Religion. Article II, paragraph 3 as amended, titled “Pecuniary Gifts to Individuals,” provided that “[ajfter giving effect to the gifts in paragraphs 1. and 2. above,” a number of specific gifts were to be made to enumerated individuals including a gift of $25,000 and the apartment in which Sonder then resided to Cecilia Reid:
After giving effect to the gifts in paragraphs 1. and 2. above, I hereby give and devise as follows:
a. Cecil[i]a Reid. I give to my nurse, CECIL[I]A REID, if she survives me, the sum of $25,000 and my apartment in which I currently reside, all the contents therein.
On May 12, 2005, Sonder died. His will with codicils was admitted to probate, and Reid was appointed personal representative. Finding trust funds insufficient to pay all of the gifts provided for in trust Article II, paragraphs 1, 2, and 3, Reid moved to abate the enumerated pecuniary gifts proportionately. Reid also claimed that the apartment was a devise, not subject to abatement. The motion to abate was denied and affirmed by this Court in Reid v. Hebrew Union College-Jewish Institute of Religion, 947 So.2d 1178 (Fla. 3d DCA 2007).
Thereafter, Reid, as sole trustee, petitioned to reform the trust claiming that the trust instrument did not evidence *10 the settlor’s intent which was to give his apartment to Reid not subject to abatement.
Id. at 1146-47 (footnotes omitted). On remand, the probate court conducted the trial authorized by us in Reid II. We now review the decision from that trial.
As we recognized in Reid II: “[A] trust with testamentary aspects may be reformed after the death of the settlor for a unilateral drafting mistake so long as the reformation is not contrary to the interest of the settlor.” Id. at 1148 (quoting In re Estate of Robinson, 720 So.2d 540, 548 (Fla. 4th DCA 1998)). However, as we also have recognized, the party seeking reformation at all times has the burden to prove, by clear and convincing evidence, that the trust, as written, does not reflect the settlor’s intent. § 736.0415, Fla. Stat. (2007); see also Robinson, 720 So.2d at 540; Schroeder v. Gebhart, 825 So.2d 442, 445 (Fla. 5th DCA 2002); In re Estate of Huls, 732 So.2d 1206, 1207 (Fla. 2d DCA 1999). This standard is an intermediate standard of proof between the “preponderance of the evidence” standard used in most civil cases, and the “beyond a reasonable doubt standard” of criminal cases, requiring the evidence “[to] be of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.” Dieguez v. Dep’t of Law Enforcement, Crim. Justice Standards & Training Comm’n, 947 So.2d 591, 595 (Fla. 3d DCA 2007).
In denying the petition for reformation, the probate court necessarily determined Reid did not meet her burden of proving the allegations of the petition by clear and convincing evidence. In civil cases prosecuted under this standard, “an appellate court may not overturn a trial court’s finding regarding the sufficiency of the evidence unless the finding is unsupported by record evidence, or as a matter of law, no one could reasonably find such evidence to be clear and convincing.” McKesson Drug Co. v. Williams, 706 So.2d 352, 353 (Fla. 1st DCA 1998). Thus, in this case, it is not our function to conduct a de novo review of the evidence, but simply to determine whether there exists in the record competent substantial evidence to support the judgment of the trial court. In re Adoption of E.A.W., 658 So.2d 961, 967 (Fla.1995); McKesson, 706 So.2d at 354. Based upon our review of the record, we conclude a reasonable trier of fact could have been left without a firm belief or conviction that the trust terms were contrary to Sonder’s intent.
At the trial, William Palmer, the scrivener of the Edgar Sonder Trust, testified that Sonder never instructed him to create a priority between the gifts, and that the inclusion of the terms “after giving effect to” in paragraphs 2. and 3. was his own doing. However, he conceded Sonder read the trust and approved the language. It also is undisputed that Son-der made two subsequent amendments to the trust, and both times expressly ratified the language, making the gift of the apartment subordinate to the gifts provided in paragraphs 1. and 2.
Even assuming the probate court found Palmer’s testimony credible, there is no evidence Sonder would not have been capable of understanding the trust as written. In fact, nothing in the record explains why Sonder, an articulate and precise businessman, would have approved the plain and simple trust terms if they did not reflect his intent. Further, although it is clear Sonder intended for Reid to have the apartment, it is equally apparent Sonder intended for Hebrew Union College to have $125,000 as part of an endowment fund in honor of his deceased wife. These two gifts to *11 gether constitute the bulk of the trust assets. The testimony does not establish Sonder would have preferred the gift to Reid over the endowment gift in the event both could not be satisfied. Therefore, we affirm the probate court’s order on the petition to reform.
Finally, we write to address Reid’s appeal from the probate court’s order determining entitlement to appellate attorney fees. It is well established that an order granting entitlement to fees is a non-final, non-appealable order until the amount of the fee is set. See Easley, McCaleb & Stallings, Ltd. v. Gibbons, 667 So.2d 988, 988 (Fla. 4th DCA 1996); Demaio v. Coco Wood Lakes Ass’n, 637 So.2d 369, 369 (Fla. 4th DCA 1994). At oral argument, the parties seemed to agree on the amount supposedly owing, and suggested it was standard practice for the probate court to “grant” the motion for fees without making any specific findings on reasonableness and without ever entering an amount or reserving jurisdiction to do so. While we appreciate the parties’ willingness to be bound by a fee amount known only to them, the record is devoid of any evidence that an amount ever actually was fixed. On this basis, we dismiss this portion of the appeal for lack of jurisdiction.
Affirmed in part, dismissed in part.
SUAREZ, J., concurs.